■ In the Matter of John H. Livingston, Jr., Appellant, v. Charles A. Livingston, Respondent.— Order, entered on April 5, 1962, denying petitioner's application to vacate the order of this court appointing an ancillary committee and for an accounting, and order, entered on the same date, dismissing the petition herein, unanimously affirmed, without costs, upon the facts and in the exercise of discretion. In view of the special circumstances here and the statements made in open court, we deem it improper and unnecessary to pass upon the merits of the petitioner's application in any respect. Consequently, the determination here is without prejudice to a determination of the proceeding pending in the Court of Probate in Connecticut, and is also without prejudice to such other or further proceedings as may be properly instituted here or in Connecticut. Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.

■ In the Matter of the Estate of John H. Livingston, Jr., an Alleged Incompetent Person. John H. Livingston, Jr., Appellant; Charles A. Livingston, Respondent.— Order, entered on March 21, 1962, denying petitioner's application for the appointment here of a committee of his estate, and order, entered on April 5, 1962, dismissing the petition herein, unanimously affirmed, without costs, upon the law and the facts. In view of the statements made in open court and the affirmance of the dismissal of the companion proceeding to vacate the appointment of the ancillary committee, we do not deem it necessary or advisable that we pass upon the merits of the application here. This determination is, of course, without prejudice to the pending proceeding in the Probate Court in Connecticut and without prejudice to such other or further proceedings as may be properly instituted here or in Connecticut. Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.

■ The People of the State of New York, Respondent, v. Ernest Page, Appellant.— Order, entered on January 24, 1961, denying, without a hearing, the defendant's motion for a writ of error *coram nobis*, unanimously reversed, on the law; motion granted to the extent of vacating the sentence of the defendant; and the case remanded to the Indictment Part of the Supreme Court for resentencing. The defendant, on appearing for sentencing following his plea of guilty, requested leave to withdraw such plea and it was denied. Then, before sentencing, he made it clear to the court that he desired that his counsel be forthwith dismissed. This was not allowed and, thus, the defendant's representation at the time of sentencing was not by counsel of his choice. The foregoing appears from the minutes and a remand for a hearing is unnecessary. The error, though it appears on the face of the record, is the basis for *coram nobis* relief, and the case should be remanded for resentencing. (*People* v. *Hannigan*, 7 N Y 2d 317; see, also, 27 Brooklyn L. Rev. 135.) Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.