■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW J. SCHRAMM, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered August 31, 1981, convicting him of robbery in the first degree, burglary in the first degree, and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. During the course of the trial, and in summation, the prosecutor made certain improvident comments, e.g., implying that defendant had the duty to call a witness in his behalf, characterizing defendant's testimony as "lies", and vouching for the complaining witness' credibility. However, in light of the overwhelming evidence of defendant's guilt, we find these errors to be harmless (see *People v Crimmins,* 36 NY2d 230). Defendant's other contentions lack merit. Lazer, J. P., Gulotta, Brown and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PASQUALE SENATORE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Ramirez, J.), rendered September 6, 1979, convicting him of criminal possession of stolen property in the first degree, upon a jury verdict, and imposing not more than four years' imprisonment. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence to time served. As so modified, judgment affirmed. In view of defendant's co-operation with law enforcement officials and his demonstrated efforts at rehabilitation, the sentence is reduced to time served (Penal Law, § 70.00, subd 4). We have reviewed the other contentions raised by defendant and find them to be without merit. Gibbons, J. P., Weinstein, Bracken and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WYATT WALKER, JR., Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered October 29, 1981, convicting him of three counts of robbery in the first degree, upon his guilty pleas, and imposing sentences. Judgment modified, on the law, by vacating the sentences. As so modified, judgment affirmed and case remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith. Defendant pleaded guilty to three counts of robbery in the first degree. On the date set for sentencing, the court stated that it was necessary to postpone sentencing so that a predicate felony hearing could take place and a presentence report could be prepared. The defense at that time moved for a substitution of defense counsel. Notwithstanding the fact that the prospective defense counsel was present in court and that an adjournment was necessary anyway, the court denied the request for substitution. In general, a defendant has a fundamental right to be represented by counsel of his own choosing (*People v Arroyave,* 49 NY2d 264), and there is no indication that the substitution of counsel here would have resulted in a further delay. Accordingly, the denial of the motion improperly deprived defendant of his right to counsel of his choice. As a result, a new predicate felony hearing and the reimposition of sentence is necessary. Damiani, J. P., Titone, Mangano and Gulotta, JJ., concur.