■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT LINCOLN, Appellant. — Kane, J. Appeal from an order of the County Court of Columbia County (Leaman, J.), entered August 21, 1984, which, *inter alia,* granted the People's cross motion to disqualify the law firm of Crimmins and Hogle from continued representation of defendant.

The order appealed from herein disqualified the law firm of Crimmins and Hogle from representing defendant, dismissed the indictment but expressly allowed resubmission of the matter to the Grand Jury, and continued bail. As such, the motion to disqualify arose in the context of a criminal action (*see, Matter of Abrams* [*John Anonymous*], 62 NY2d 183). Indeed, if this order were not made in the context of a pending criminal action, as the dissent suggests, there would have been no reason to continue bail (*see,* CPL 210.45 [9]). Consequently, this appeal must be dismissed since no appeal from the instant order is authorized by law, either by right or by permission (CPL 450.10, 450.15). Moreover, we should not convert this appeal into a special

proceeding, which we would be required to dismiss (*see, Pulcini v Vogt,* 64 AD2d 781).

Appeal dismissed. Mahoney, P. J., Kane and Weiss, JJ., concur; Casey, J., dissents and votes to reverse in the following memorandum.

Casey, J. (dissenting). I cannot agree that the portion of the order disqualifying defendant's attorney of choice is or should be nonappealable; on the merits, I believe that a reversal is required. Accordingly, I dissent.

Prior to his appointment as a Special Assistant District Attorney for driving while intoxicated prosecutions in late January 1983, attorney John Crimmins, III, had represented defendant in connection with an investigation of a charge of criminal possession of stolen property. He revealed this representation to the then District Attorney and discussed the necessity of the appointment of a Special Prosecutor if further proceedings were contemplated against defendant. Subsequently, in February 1983, defendant was indicted. Crimmins assumed that a Special District Attorney had presented the case to the Grand Jury. In fact, the presentation had been made by the full-time Assistant District Attorney. On March 2, 1983, County Court appointed a Special District Attorney to prosecute the indictment brought against defendant based upon the District Attorney's statement that Crimmins, prior to his appointment, had represented defendant and had advised police authorities not to talk to defendant. Although Crimmins had refrained from discussing the case with any member of the District Attorney's office and from reading defendant's file, he remained an associate of the District Attorney's office until the end of 1983.

On January 3, 1984, defendant was arraigned without an attorney. On February 10, 1984, the firm of Crimmins and Hogle (of which Crimmins is a partner) sought to represent defendant, apparently at defendant's request. An omnibus motion sought, *inter alia,* dismissal of the indictment due to the conflict created by the Crimmins appointment as a Special District Attorney. This motion, returnable March 26, 1984, was answered by the Special District Attorney who indicated that a resubmission of the case would be made to the Grand Jury sitting at the May 1984 term. The Special District Attorney also cross-moved for the disqualification of Crimmins and Hogle as defense counsel, a motion opposed by defendant on the ground that Crimmins was the attorney of his choice. County Court granted the motion to dismiss the indictment, without prejudice to resubmission to the Grand Jury, and also granted the cross motion to disqualify the law firm of Crimmins and Hogle from

representing defendant. Defendant, *pro se,* moved the court to stay the disqualification of Crimmins and Hogle pending appeal. County Court granted the motion and this appeal by defendant ensued.

The first issue to be resolved is whether dismissal of the appeal is required upon the ground that the disqualification order is an interlocutory order in a criminal action from which an appeal does not lie since there is no statutory provision authorizing such an appeal. The order containing the provisions disqualifying the law firm of Crimmins and Hogle from representing defendant also contains a provision dismissing the indictment, thereby terminating the criminal action against defendant (CPL 1.20 [16] [c]). The order of disqualification is purely prospective, and it neither relates to nor derives its vitality from any pending criminal action or proceeding. Indeed, a motion to disqualify upon an alleged conflict of interest would be treated the same whether it arose in the context of a purely civil lawsuit or in the context of a proceeding relating to criminal matters (*see, Matter of Abrams [John Anonymous]*, 62 NY2d 183, 194). Viewed from the point in time when the motion to disqualify was granted, no criminal action was pending and there existed only the possibility that another criminal action would be commenced. "[T]he request to disqualify an attorney is more akin to a motion to quash subpoenas * * * As to both such requests, the relief sought has nothing inherently to do with criminal substantive or procedural law and either type of motion may arise as easily in the context of a purely civil lawsuit as in a purely criminal case" (*supra,* p 194). As a practical matter, since the order of disqualification clearly affects the constitutional right of defendant to be represented by counsel of his own choosing (*see, People v Arroyave,* 49 NY2d 264, 270), and since the infringement of this right affects the validity of subsequent proceedings (*People v Walker,* 92 AD2d 905), resolution of this appeal will promote judicial economy and best serve the interests of defendant, the People and County Court, all of whom appear to want an immediate resolution of the matter. Accordingly, I believe that the order granting the motion to disqualify defendant's attorney is appealable (*Matter of Abrams [John Anonymous], supra*).

County Court's order of disqualification was based on the authority of *People v Shinkle* (51 NY2d 417). That case holds that the transfer of a Public Defender to the District Attorney's office creates a conflict of interest which constitutes a per se disqualification of the entire District Attorney's staff from prosecuting a defendant who previously had been represented by the

former Public Defender (*People v Sawyer* 83 AD2d 205, 208). County Court held this principle to be a "two-way street" in granting the Special District Attorney's motion to disqualify Crimmins and Hogle.

In my view, *Shinkle* (*supra*) has no application to the converse situation of that case, which creates no appearance of impropriety or opportunity for abuse of confidence (*see, People v Sawyer, supra*, p 208). When these factors are absent, as herein, an order disqualifying the firm of attorneys, whom defendant wants to represent him and who are ready and willing to do so, would deprive defendant of his constitutional right to an attorney of his own choosing (*see, People v Arroyave, supra*, p 270). Although disqualification of such an attorney may be required in appropriate circumstances, there has been no showing here that disqualification is necessary.

Unlike *People v Shinkle* (*supra*), the risk of prejudice to defendant based on abuse of confidence is not a factor in this case since defendant has waived any such claim by insisting on the representation. Nor has any risk of prejudice to the People been shown. The record supports defendant's contention and that of his counsel that the appointment of Crimmins was as a special part-time Assistant District Attorney to prosecute driving while intoxicated cases; that Crimmins never discussed defendant's case or participated in it in any respect during the period of time he was an Assistant District Attorney; and that Crimmins did not inspect the District Attorney's file relating to defendant or gain any information or material on the matter while so employed that would necessitate disqualification (*In re Advisory Opn on Professional Ethics No. 361*, 77 NJ 199, 390 A2d 118).

As to the appearance of impropriety, that has also not been shown. The representation originally undertaken by Crimmins was while the case was in the investigatory stage with no publicity. His participation amounted to legal advice only. Furthermore, by itself, an "appearance of impropriety is * * * too slender a reed on which to rest a disqualification order except in the rarest cases" (*Board of Educ. v Nyquist*, 590 F2d 1241, 1247), particularly where, as here, a defendant's fundamental right to an attorney of his own choosing is involved. It follows, therefore, that an attorney who represented defendant in the investigatory stage of a crime, who thereafter becomes a part-time Assistant District Attorney to prosecute matters unrelated to defendant and to the type of crime with which defendant is ultimately charged, and who never participated in or acquired information about defendant's charges while employed as such Assistant

District Attorney, can, upon defendant's request, represent defendant in connection with the crime charged.

The order disqualifying the law firm of Crimmins and Hogle should, therefore, be reversed.