■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BURNS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Brien, J.), rendered June 22, 1982, convicting him of robbery in the first degree, criminal possession of stolen property in the second degree, criminal possession of a weapon in the second degree, and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant contends that his right to a jury trial was violated when the trial court replaced a juror with an alternate so that the juror could go on vacation. The alleged error

has not been preserved for review because the defendant did not object to the substitution (CPL 470.05 [2]), but, rather, stated "it is up to the discretion of the judge". Such a decision was within the Trial Judge's broad discretion, under CPL 270.35, to discharge a juror if he was "unable to continue serving by reason of illness or other incapacity, or for any other reason [was] unavailable for continued service" *(see, People v Pierce,* 97 AD2d 904, 905). We further note that there is no indication that the defendant was denied a fair trial as a result of the substitution.

Nor did the prosecutor's remarks, albeit unprofessional and unwarranted, amount to reversible error in light of the overwhelming evidence of the defendant's guilt *(see, People v Schramm,* 92 AD2d 905). However, this court views unfavorably the prosecutor's riding roughshod over the court's rulings and admonitions and showing complete disrespect for the court.

Finally, we do not find the sentence excessive in light of the defendant's numerous prior arrests and convictions and the indications that he "specialized" in armed robbery. Mangano, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.