■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VAL THOMAS, Appellant.—Casey, J. Appeal from a judgment of the County Court of Delaware County (Estes, J.), rendered March 18, 1985, upon a verdict convicting defendant of the crimes of rape in the first degree, assault in the second degree and unlawful imprisonment in the first degree.

On August 27, 1984, the 21-year-old defendant was indicted for rape in the first degree, sodomy in the first degree, assault in the second degree and unlawful imprisonment in the first degree. The charges stemmed from defendant's acts committed on July 13, 1984 on the person of a 27-year-old female whom he had met, socialized with in a bar and attempted to take home, stopping first at his place, where the crimes were committed. After trial by jury, defendant was convicted of all of the crimes charged except for the crime of sodomy, of which he was acquitted. Concurrent prison sentences of 5 to 15 years

for rape, 1 to 5 years for assault and 1 to 3 years for unlawful imprisonment were imposed.

On this appeal, defendant argues that two grounds warrant reversal. The first is the denial by County Court of defendant's motion for a substitution of attorneys on the eve of trial in the following circumstances. Pursuant to County Law § 722 (3), under which Delaware County assigns attorneys to its indigent defendants, County Court assigned Kevin A. Conine to represent defendant on August 27, 1984. Following the marking of the case "ready" by Conine, the court set jury selection for December 3, 1984 at 1:30 P.M. At that time, Conine orally requested to be relieved of his assignment, alleging that defendant had lost confidence in him. This application was denied. On the following day, the motion was renewed in writing and was entertained by the court in chambers in the presence of the District Attorney and attorney Robert Gould, who applied to be substituted as defense counsel. County Court denied the request for Gould's substitution as assigned counsel due to the announced readiness of Conine to proceed. The court rescheduled jury selection for December 5 at 9:30 A.M., with trial to follow, and denied Gould's oral application for leave to appeal. On December 5, 1984, an associate of Gould notified the court that an application for a stay was being made to the Appellate Division. The court then granted Conine's application for $300 investigation expenses and rescheduled jury selection for 1:30 P.M. On December 6, 1984, similar applications were denied. Gould informed the court by telephone that he might be retained as counsel and the court advised him that future applications had to be in writing; jury selection was rescheduled to commence December 10, 1984 at 1:30 P.M. On December 7, 1984, a Justice of the Appellate Division denied Gould's ex parte application for a temporary restraining order and County Court again denied Conine's ex parte application to withdraw and for a continuance. The court detailed its decision, questioning defendant's good faith in the attempted substitution and the validity of Gould's actual retainer.

On December 10, 1984 at 1:40 P.M., defendant, Conine, Gould and the District Attorney appeared before County Court. Gould renewed his application for substitution as retained counsel but equivocated on his readiness for trial. The court informed Gould that if he would state that he was ready to go to trial by selecting a jury, then the court would recognize him as defendant's attorney. Again Gould equivocated. The court then refused to recognize Gould as defen-

dant's attorney and denied Gould's participation in the trial and directed Conine to proceed.

In our opinion, County Court complied with the mandate of *People v Arroyave* (49 NY2d 264) and demonstrated commendable restraint in regard to the equivocating position taken by defendant's attorneys. After reading the entire record, we are convinced that there was sufficient evidence for County Court's determination that statements made by the proposed substituted counsel were unreliable insofar as they represented counsel's ability to proceed to trial. The facts outlined above do not approach a constitutional deprivation of defendant's choice of attorneys.

As to defendant's claim of error in the lack of effective legal representation, it is noted that Conine exhibited a familiarity with the case, vigorously defended it and displayed a good working knowledge of the principles of criminal law *(see, People v Berard,* 112 AD2d 470). As a result, defendant was acquitted of the charge of sodomy in the first degree.

Lastly, defendant contends that his right to a fair trial was substantially prejudiced when he was paraded before the jurors shackled in handcuffs without a showing of intent to escape or violent propensities. The record does not reveal that the handcuffing of defendant occurred in the jury's presence at any time. Rather, it occurred at the jail in a separate building from the courthouse. In any event, County Court offered to instruct the jury in regard to shackling if it became necessary. Such instructions were never requested or necessary since defendant never appeared before the jury shackled. Accordingly, defendant's claim is meritless. The judgment of conviction should be affirmed.

Judgment affirmed. Main, J. P., Casey, Weiss and Harvey, JJ., concur.

Levine, J., dissents and votes to reverse in a memorandum. Levine, J. (dissenting). I respectfully dissent. In my view, the majority in this court and the Judge presiding at County Court have confused two separate issues: (1) the discretion of the trial court to deny a request for an adjournment on the eve of trial, based upon an attempted substitution of counsel; and (2) the discretion of the trial court to refuse to permit substitution which is sought irrespective of the denial of any continuance. The case of *People v Arroyave* (49 NY2d 264), relied upon by both the majority and County Court here, involves the first issue. As stated explicitly in the Court of Appeals opinion: "On this appeal, the sole issue presented for

our determination is *whether the trial court's denial of a motion to grant newly retained counsel an adjournment* to enable him to prepare for trial deprived defendant of his constitutionally guaranteed right to be defended at trial by counsel of his own choosing" *(id.,* p 267 [emphasis supplied]).

Where the proposed substituted counsel has indicated an absolute unwillingness or total unpreparedness to proceed to immediate trial, the trial court quite properly has a considerable degree of discretion to reject the application during or on the eve of trial, because of the policy favoring the efficient management of court calendars and to avoid last-minute dilatory tactics by the defendant *(People v Arroyave, supra,* p 273; *People v De Chiaro,* 48 AD2d 54, 56-57, *cert denied* 423 US 894; *see, United States v Maxey,* 498 F2d 474, 478, 482-484). The critical issue under review in this entire line of cases was whether the trial court's discretionary denial of an adjournment should be upheld.

Contrastingly here, however, defendant's retained counsel seeking substitution on December 10, 1984, just before jury selection was to begin, not once but twice clearly and unequivocally stated that if ordered to proceed immediately to trial he was prepared to do so: "Mr. Gould: If you recognize me as Mr. Thomas' attorney and I then make an application for an adjournment and Your Honor denies that application, I will proceed to trial in exactly the same manner as Mr. Conine."

After County Court denied the application for substitution and then denied assigned counsel's request for an adjournment, the attorney requesting to be substituted repeated: "Mr. Gould: Before you do that, there's one other matter I would like to place on the record. Since Your Honor stated that and I have stated that, I am ready to proceed as Mr. Conine is with this particular trial, and since Mr. Conine mentioned to you those areas which he feels required in this matter to be adjourned and you've ruled on that, again, I will renew my application and tell Your Honor that I will go inside and pick a jury."

The only equivocation by retained counsel which appears in the record was whether or not, if substituted, he would seek an adjournment. The December 10, 1984 transcript reveals that County Court was attempting to extract a commitment from retained counsel that, if substituted, he would not request an adjournment. However, since retained counsel had clearly and repeatedly stated that he would proceed to immediate trial if substituted and ordered to proceed, and had further represented that he was "as prepared to go forward

and select a jury and represent my client as [assigned counsel] is as of this particular moment", the court had no discretion, in effect, to condition approval of substitution on retained counsel's waiver of any request for a further continuance. It was well within retained counsel's right, and indeed may have been his duty, to make a record of a formal request for an adjournment under the circumstances, even if he knew of County Court's intention to deny it. Any concern on the part of the court as to whether substitution of retained counsel may have somehow limited its discretion in forcing the case on for immediate trial could easily have been obviated by holding a brief hearing, at which defendant could have been formally advised on the record that the trial would not be adjourned if substitution was granted and then eliciting from defendant whether he nevertheless wished to proceed with his newly retained attorney.

Since substitution in this case would not have entailed any delay in the trial, County Court's refusal to permit defendant's retained attorney to be substituted constituted a denial of defendant's constitutional right to be defended by counsel of his own choosing *(see, People v Walker,* 92 AD2d 905; *People v Diker,* 34 AD2d 798; *People v Page,* 17 AD2d 782). County Court's abuse of discretion was further compounded by its refusal even to permit retained counsel to sit in on the trial. Consequently, I would reverse and remit for a new trial.