■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN H. OLIVER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant failed to object to the statements of an unidentified police officer at sentencing and thereby failed to preserve the issue for review (see, CPL 470.05 [2]; *People v Castro,* 70 NY2d 943). In any event the information the officer related to the court was included in the presentence investigation report which the court had reviewed prior to sentencing. On this record, the court's sentence was not excessive. (Appeal from judgment of Cayuga County Court, Contiguglia, J.—criminal possession of controlled substance, fourth degree.) Present—Dillon, P. J., Callahan, Green, Balio and Lowery, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL GEORGE, Appellant.—Order unanimously reversed on the law and matter remitted to Niagara County Court for resettlement of the record. Memorandum: It was error to settle this record to include the record from an unrelated action (see, *Matter of Bligen v Kelly,* 126 AD2d 989; *Broida v Bancroft,* 103 AD2d 88). (Appeal from order of Niagara County Court, Hannigan, J.—settle record.) Present—Dillon, P. J., Callahan, Green, Balio and Lowery, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW M. ROBINSON, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted (see, *People v Crawford,* 71 AD2d 38). (Appeal from judgment of Ontario County Court, Henry, Jr., J.—driving while intoxicated.) Present—Dillon, P. J., Callahan, Green, Balio and Lowery, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES L. JANNAIN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant pleaded guilty to attempted murder in the second degree for shooting his stepfather in the back with a bow and arrow. He argues on appeal that his sentence of 5 to 15 years is harsh and excessive and that the court abused its discretion in denying him youthful offender treatment. We disagree. Given the seriousness of the offense and the manner in which it was committed the court's sentence was appropriate (see, *People v Green,* 143 AD2d 144, 145; *People v Smith,* 132 AD2d 583, *lv denied* 70 NY2d 804; *People v Sneed,* 116 AD2d 676; *People v McCloskey,* 92 AD2d 672, 674). (Appeal from judgment of Oneida County Court, Buckley, J.—attempted murder, second degree.) Present—Dillon, P. J., Callahan, Green, Balio and Lowery, JJ.