■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN A. MARTIN, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered December 1, 1989, convicting defendant upon his plea of guilty of three counts of the crime of criminal possession of a controlled substance in the third degree.

Defendant argues on this appeal that the legal representation accorded him constituted ineffective assistance of counsel and that it was an abuse of discretion for County Court to deny him new counsel. We agree.

The facts of this case are as follows. On October 16, 1989, defendant appeared before County Court regarding pretrial motions made on his behalf involving suppression, production of seized property, and a request for the appointment of alternate counsel. The request for new counsel was denied on the ground that Richard Hogle, one of the Public Defenders assigned to defendant's case, waited until the eve of trial to make the request when he could have made it as early as July 1989. The court, in reciting the procedural history of the case, took no note of defendant's previous *pro se* motions and letters of complaint regarding another Public Defender, Eugene Keeler.

Defendant thereafter pleaded guilty on October 17, 1989 to the entire indictment. During the allocution, he indicated to County Court that he was pleading guilty because the Public Defender's office had failed to take proper time to prepare his defense. Defendant also informed the court that he had been requesting assignment of new counsel since November 1988, that his letters to the court went unanswered and that it was his intention to preserve the issue for review on appeal. According to defendant, he was refusing to accept any plea bargains offered him by the District Attorney because they involved the waiver of his right to appeal. Defendant was then sentenced to three concurrent prison terms of 8 to 12 years. This appeal followed.

The procedural record indicates that defendant was arraigned in Hudson City Court on October 20, 1988. Bail was set November 1, 1988. On December 14, 1988, defendant was notified of his right to testify before the Grand Jury which was adjourned to January 11, 1989. On December 21, 1988, defendant wrote to City Court complaining that Keeler had waived his right to a preliminary hearing without his consent. Defendant also stated that because Keeler, who was handling defendant's matter, had prosecuted defendant on another occasion as District Attorney, there existed a conflict detrimental to defendant's interests. Defendant further complained that Keeler tried to induce defendant to plead guilty against his will. Defendant's request for a change of counsel went unanswered. On December 24, 1988, defendant wrote to County Court again complaining about his counsel's waiver of the preliminary hearing and the failure to seek his release on bail. Defendant also claimed that he was being improperly held because the People had failed to indict him within 45 days. This letter was referred by the County Court Clerk to the City Court Clerk. Again, no response was elicited.

Thereafter, on January 10, 1989 defendant filed a *pro se* motion in both City Court and County Court asking that he be released on his own recognizance based on his claim that he had been held without indictment for more than 45 days. Defendant was indicted on January 11, 1989. Thereafter, on January 12, 1989, County Court denied the January 10, 1989 motion with leave to defense counsel to review defendant's status, including the issue of bail.

On January 27, 1989, defendant was arraigned on the indictment. On March 23, 1989, defendant filed a second *pro se* motion seeking dismissal of the indictment. This motion recited that defendant had been incarcerated 103 days since his arrest and that his demand for a preliminary hearing through another Public Defender, Arlene Levinson, was waived by Keeler, her superior, against defendant's wishes. The motion indicated that, although defendant had expressly demanded the right to testify before the Grand Jury, Keeler had not allowed him to do so. Defendant also alleged inadequate representation by his counsel.

On March 24, 1989 the District Attorney announced his readiness for trial. Defendant was not present. On March 31, 1989, defendant and Keeler appeared before County Court on defendant's second *pro se* motion and on an omnibus motion made by Keeler. The court indicated that the primary point was defendant's desire to testify before the Grand Jury. Keeler acknowledged the fact that defendant had requested the right to do so. The court was advised that the original date to testify had been adjourned so that defendant could provide the District Attorney with some information. The District Attorney ultimately made a preindictment offer of a plea to defendant. Keeler stated that he had advised defendant not to testify before the Grand Jury and that defendant did not say he wanted to testify at that point. Defendant contested Keeler's statement stating that he had demanded the right to appear before the Grand Jury and continued to complain about the lapses in his legal representation. The court reserved decision in this motion and also on defendant's omnibus motion.

Defendant then brought on a third *pro se* motion to reduce bail in which he complained about his dissatisfaction with counsel and averred that Keeler's failure to act on his behalf prompted his *pro se* motions and that Keeler had failed to bring on a review of his bail status for four months despite the fact that County Court had indicated it would entertain a review.

On July 13, 1989, defendant successfully moved through Hogle for the recusal of County Judge Leaman. Judge Leaman had previously represented defendant in another matter. The court was advised that the motion was brought on such late date because Keeler served as primary counsel for all Public Defender clients until it was clear that trials were likely to be had and that Hogle had not been assigned to defendant's matter until June 1989. Defendant told the court that he had not seen Keeler since early February.

On August 31, 1989, County Court ruled on the omnibus motion criticizing the Public Defender's office for a 44-page standard motion, some of which was inapplicable to defendant's case. It was also noted that the motion was full of statements of a conclusory nature and requests for inapplicable relief. The court determined that such an approach could obscure matters of legitimate merit which could have required the court's intervention. The court failed to address defendant's *pro se* motion to dismiss the indictment; instead, the *pro se* motion was sent to Hogle's attention.

The convoluted history of this matter, stretching from defendant's arraignment in City Court on October 20, 1988 to his sentence on December 1, 1989 in County Court, indicates that defendant's objections to his counsel were long standing and reflected fundamental disagreements between Keeler and defendant. The record fails to show that any serious review was given to defendant's complaints or to the legitimacy of his request for new counsel. Under the circumstances presented, there is a reasonable possibility that substitute counsel could have improved on defendant's final resolution of the matter. Because of the breakdown of confidence between defendant and counsel, defendant was prompted to cast aside plea bargains of a lesser sentence because he would have been required to waive his right to appeal as to the issues of inadequacy of counsel and the denial of his request for substitute counsel.

The record also indicates cause for defendant's mistrust of his defense counsel. There were long lapses of communication between Keeler and defendant, defendant's right to a preliminary hearing was waived by Keeler without defendant's permission, there was a failure to bring on a CPL 190.80 motion requested by defendant, defendant's intention to testify before the Grand Jury was not honored even though defendant emphatically insisted on being heard, and finally, the prior prosecution of defendant by Keeler in another case engen-

dered in defendant a suspicion of Keeler when he was assigned to be his defense counsel in this case.

The right to counsel is guaranteed to an indigent defendant under our State and Federal Constitutions (see, US Const 6th Amend; NY Const, art I, § 6; *People v Medina*, 44 NY2d 199, 207). As the Court of Appeals stated in *People v Medina (supra*, at 207): "The fulfillment of that obligation calls for more than merely *pro forma* appointment of or service by a member of the Bar. The legal assistance provided must be 'effective'. * * * To insure that it is, Trial Judges have a continuing duty, not to be lightly eschewed, to see to it that the proceedings are conducted with solicitude for the essential rights of the accused" (citations omitted). A defendant must show good cause for a desired substitution *(People v Sawyer*, 57 NY2d 12, 18, *cert denied* 459 US 1178). This record attests amply to defendant's right to substitute counsel. The fact that Keeler had previously prosecuted defendant should have alone, absent the disquieting breakdown of the legal relationship between them, been sufficient to establish a conflict of interest and required a substitution of counsel.

Judgment reversed, on the law, and matter remitted to the County Court of Columbia County for a new trial. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.