■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH HOPPE, Appellant. [657 NYS2d 247] —Crew III, J. Appeal from an order of the County Court of Broome County (Smith, J.), entered November 21, 1996, which settled the record on appeal.

After pleading guilty to sexual abuse in the first degree and reckless endangerment in the first degree, defendant appealed and, additionally, brought a motion pursuant to CPL article 440 contending that the prosecutor and County Court had coerced his plea. When the People refused to stipulate to the record for the direct appeal, defendant moved for settlement thereof. County Court denied the settlement motion, and this appeal by defendant ensued.

Initially, we reject the People's contention that the appeal must be dismissed upon the basis that direct appellate review of an order issued in a criminal proceeding is not available absent statutory authority. The relief sought by defendant— settlement of the record—is a matter that may arise in the context of a civil lawsuit as easily as it may in a criminal proceeding, i.e., it is not an issue inherently related to criminal substantive or procedural law (cf., Matter of Abrams [Anonymous], 62 NY2d 183, 194; People v Lincoln, 109 AD2d 1044, 1046 [Casey, J., dissenting]). Furthermore, we note that defendant's motion to settle the record was not determined in the course of a pending criminal proceeding (see, People v Lincoln, supra, at 1046) and that County Court is vested with both criminal and civil jurisdiction (see, NY Const, art VI, § 11 [a]). Indeed, appellate courts routinely entertain appeals from orders of the County Court denying settlement motions (see, e.g., People v Hummer, 217 AD2d 713, lv denied 86 NY2d 843; People v Winkler, 188 AD2d 1071, lv dismissed 82 NY2d 932, lv denied 83 NY2d 859; People v George, 162 AD2d 1057) and, hence, we find no reason to dismiss the instant appeal.

Turning to the merits, defendant argues that County Court should not have ruled upon the settlement motion due to the appearance of impropriety because the Judge presiding was the subject of, and had ruled upon, the CPL article 440 motion. We cannot agree. There is no basis for statutory disqualification (see, Judiciary Law § 14), and we do not find County Court's determination that recusal was not warranted to be an abuse of its discretion (see, Matter of Murphy, 82 NY2d 491, 495).

Nor do we agree with defendant's contention that the police

and lineup reports, depositions of the victim and two eyewitnesses and a letter from the County Court Clerk were improperly excluded from the record on the direct appeal. Such documentation was not part of the record of the plea proceedings before County Court and, therefore, was properly excluded from the record on appeal (*see,* CPLR 5526; *see also,* CPLR 5017 [b]; *People v Brown,* 233 AD2d 764, 766; *Matter of Yanoff v Commissioner of Educ. of State of N. Y.,* 64 AD2d 763).

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the order is affirmed.