■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD MOORE, Appellant. [664 NYS2d 383] —Crew III, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered August 17, 1995, convicting defendant upon his plea of guilty of the crimes of sexual abuse in the first degree (four counts), sexual abuse in the second degree (four counts), unlawful imprisonment in the second degree and endangering the welfare of a child (four counts).

When this case initially was before us upon application of defense counsel to be relieved of his assignment, we withheld our decision and assigned new counsel to address any nonfrivolous issues that the record might disclose (239 AD2d 708). We now address those issues.

At sentencing, defendant moved to withdraw his plea of guilty on the grounds that his plea was coerced and that he was denied effective assistance of counsel. County Court denied defendant's motion and sentenced him to an indeterminate term of imprisonment of 1 to 5 years in accordance with a negotiated plea agreement. While "[t]here is no requirement for a 'uniform mandatory catechism of pleading [a] defendant[ ]' " (*People v Harris*, 61 NY2d 9, 16, quoting *People v Nixon*, 21 NY2d 338, 353, *cert denied sub nom. Robinson v*

*New York*, 393 US 1067), where a defendant's statement "clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea * * * the trial court has a duty to inquire further to ensure that [the] defendant's guilty plea is knowing and voluntary" (*People v Lopez*, 71 NY2d 662, 666). Here, the record reveals that defendant, on two occasions, expressed a reluctance to enter his plea under oath. Prior to and after taking the oath, defendant stated that he "had no choice" but to plead guilty and that he felt the plea agreement was unfair. In spite of his apparent reluctance to take the oath and his assertion that he had no choice in the matter, County Court failed to ascertain whether defendant was being threatened or coerced and, further, whether he was entering into the plea freely and voluntarily. This plainly was error.

Additionally, defendant advised County Court at sentencing that he felt that he had been coerced by his attorney into pleading guilty and advised the court that he was not confident in defense counsel's representation due, in part, to the fact that defense counsel previously had prosecuted him when counsel was the District Attorney. Clearly, County Court should have inquired as to the verity of that assertion and, if true, the nature of the previous prosecution, inasmuch as such prior prosecution may well have been sufficient to establish a conflict of interest requiring substitution of counsel (*see, People v Martin*, 168 AD2d 794, 798; *compare, People v Sides*, 242 AD2d 750).

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, guilty plea vacated and matter remitted to the County Court of Columbia County for further proceedings not inconsistent with this Court's decision.