■ In the Matter of JULIA DYNO et al., Appellants, v VIL-LAGE OF JOHNSON CITY et al., Respondents. [680 NYS2d 709] —Yesawich Jr., J. Appeal from that part of a judgment of the Supreme Court (Rose, J.), entered February 4, 1998 in Broome County, which, in a proceeding pursuant to CPLR article 78, settled the record on appeal by denying inclusion therein of certain documents and denied mandamus relief.

Supreme Court dismissed petitioners' challenge to a determination rendered by respondent Village of Johnson City Zoning Board of Appeals, finding that the erection and use of a basketball hoop and backboard by petitioners' neighbors was not a zoning violation. The court also denied petitioners' motion to amend their CPLR article 78 petition to allege other wrongdoing by the neighbors (respondents Daniel W. Green III and Mary Lou Green) and respondent Village of Johnson City. Petitioners, proceeding *pro se*, have appealed. In dispute is the makeup of the proposed record as settled by Supreme Court.

Petitioners take issue with Supreme Court's failure to include three documents—petitioners' "statement in lieu of stenographic transcript", their "objection" and their supplementary volume containing, *inter alia*, petitioners' complaints of "continuing violations" by the Greens and their children. As these documents were not before Supreme Court when it rendered the decision from which the appeal was taken, they were properly excluded from the record (*see*, CPLR 5526; 22 NYCRR 800.5; *People v Hoppe*, 239 AD2d 777, 778; *Matter of Pan Am. Athletic & Social Club v Commissioner of Fin. of City of N. Y.*, 94 AD2d 606, 608).

The first item, although characterized by petitioners as a "statement in lieu of a transcript", is not the type of summary contemplated by CPLR 5525 (d). The material comprising this statement, as well as that set forth in petitioners' "objection" to Supreme Court's decision, is more properly the subject of an appeal brief.

Insofar as petitioners have couched their requests for inclusion of the third item—the volume of subsequent "continuing violations" assertedly perpetrated by the Greens—in terms of a motion for vacatur of the underlying order pursuant to CPLR 5015, that request was also properly denied, for petitioners have not demonstrated the existence of any of the grounds upon which such relief can be granted (*see*, CPLR 5015 [a] [1]-[5]). In particular, the majority of the evidentiary material contained in this compilation is not "newly-discovered evidence" within the meaning of CPLR 5015 (a) (2) since it was created after the original decision was handed down (*see*,

*Pezenik v Milano*, 137 AD2d 748, 748-749, *lv dismissed* 72 NY2d 909). Moreover, the items in question are irrelevant to the issue posed in the CPLR article 78 proceeding, and hence could not have "produced a different result" therein (*see*, CPLR 5015 [a] [2]). The remainder of petitioners' arguments are not properly before us on this appeal.

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.