OPINION OF THE COURT
Memorandum.
Order entered on November 30, 1999 unanimously reversed upon the law and motion to vacate judgment granted to the extent of remanding the matter for a hearing and de novo determination by a different judge.
Appeal from order dated August 3, 2000 dismissed.
Defendant’s original motion to vacate his guilty plea should have been determined after a hearing since the sworn allegations of fact essential to support the motion were neither conceded by the People to be true nor conclusively established by unquestionable documentary proof (CPL 440.30).
We note that defense counsel should not have been disqualified. Although the transfer of a defense attorney to a District Attorney’s office might well create á conflict of interest constituting a disqualification of the District Attorney’s staff from prosecuting the defendant previously represented by the former defense attorney (People v Shinkle, 51 NY2d 417), the converse situation of an Assistant District Attorney transferring to a defense counsel’s office involves no such conflict (People v Sawyer, 83 AD2d 205, affd 57 NY2d 12, cert denied 459 US 1178; see also, People v Lincoln, 109 AD2d 1044, 1047 [Casey, J., dissenting on other grounds]). The latter situation will ordinarily create no appearance of impropriety or opportunity for abuse of confidence (see, People v Sawyer, supra). Although disqualification may be required in appropriate circumstances (People v Lincoln, supra), in the case at bar there was no such showing. While an attorney employed in defense counsel’s firm had been previously assigned to driving while intoxicated prosecutions on the District Attorney’s staff, it appears that he was not assigned to defendant’s case, and it was not adequately set forth how, if at all, defendant’s prosecution was actually “aided or promoted” (Judiciary Law § 493) by him. Furthermore, the People failed to point to any information that the attorney might have been privy to which other counsel could not obtain through discovery or for which the People would be unable to seek a protective order (see, CPL 240.20). The right to counsel of one’s own choosing entails a fundamental, constitutional right (People v Arroyave, 49 NY2d 264, 273; Matter of Moxham v Hannigan, 89 AD2d 300, 302-303). Therefore, courts *82 must remain vigilant in their duty to ensure that a defendant’s right to retain counsel of his own choosing is protected (see, People v Arroyave, supra, at 270).
The appeal from the November 30, 1999 order does not bring up for review the August 3, 2000 order granting renewal since no appeal would lie from the August 3, 2000 order as of right (CPLR 5517 [b]; CPL 450.10). The separate appeal taken from the August 3, 2000 order is dismissed because it was not taken as of right or by permission (CPL 450.10, 450.15).
Floyd, P. J., Colabella and Coppola, JJ., concur.