■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER A. ABAR, Appellant. [736 NYS2d 155] —Carpinello, J. Appeals (1) from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered December 18, 2000, which revoked defendant's probation and imposed a sentence of imprisonment, and (2) by permission, from an order of said court, entered April 25, 2001, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In April 1999, defendant was arraigned on an indictment charging him with driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree. Several months later he was arraigned on a separate indictment charging him with two counts of criminal contempt in the first degree based upon his violation of an order of protection. In October 1999, defendant entered a plea of guilty of criminal contempt in the first degree, driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the second degree in satisfaction of both indictments and several other charges then pending in local criminal court. Pursuant to the plea bargain, defendant waived his right to appeal and was ultimately sentenced to concurrent terms of probation, the maximum of which was five years on the criminal contempt charge, which was imposed in February 2000.

In November 2000, defendant was arrested on a declaration of delinquency and warrant based upon his failure to comply with certain conditions of probation. Defendant thereafter entered a negotiated plea of guilty of the violation. County Court revoked the three terms of probation, imposed a prison

sentence of 1 to 3 years on the criminal contempt charge and a sentence of time served on the other two charges. Defendant appealed from the judgment which revoked probation and thereafter moved pursuant to CPL 440.10 to vacate the judgment. County Court denied the motion without a hearing and this Court granted defendant permission to appeal the denial of his motion. The two appeals have been joined.

Defendant claims that he was deprived of the effective assistance of counsel based upon a conflict of interest arising from the fact that his assigned defense counsel had previously prosecuted him on a number of charges before she resigned as an Assistant District Attorney. Initially, we reject the People's argument that defendant's claim was encompassed by his waiver of the right to appeal the judgment entered on his original plea. To the extent that the claim impacts on the voluntariness of defendant's original plea and his subsequent plea to the probation violation, it survived the waiver (*compare, People v Charles*, 258 AD2d 740, *lv denied* 93 NY2d 968, *with People v Coleman* 281 AD2d 653).

"Although the transfer of a defense attorney to a District Attorney's office might well create a conflict of interest constituting a disqualification of the District Attorney's staff from prosecuting the defendant previously represented by the former defense attorney * * * the converse situation of an Assistant District Attorney transferring to a defense counsel's office [ordinarily] involves no such conflict * * *[,] appearance of impropriety or opportunity for abuse of confidence * * *" (*People v Clevenger*, 189 Misc 2d 80, 81 [citations omitted]; *see, People v Shinkle*, 51 NY2d 417; *People v Sawyer*, 83 AD2d 205, *affd* 57 NY2d 12). Although disqualification may be required where the claimed conflict of interest could have a direct affect on the representation (*see, People v Longtin*, 92 NY2d 640, 644, *cert denied* 526 US 1114), here there is no evidence of any such prejudice to defendant (*see, People v Sides*, 242 AD2d 750, *lv denied* 91 NY2d 836). We also note that defendant was apparently well aware of the potential conflict of interest from the beginning of counsel's representation, but he neither requested substitute counsel nor voiced any dissatisfaction with counsel's representation (*cf., People v Moore*, 244 AD2d 706; *People v Martin*, 168 AD2d 794). To the contrary, he stated at his original plea that he was satisfied with counsel's services.

Defendant's remaining claim that the sentence is harsh and excessive and should be reduced in the interest of justice has no merit. Defendant's criminal history shows that he has been afforded considerable leniency to no avail. The record discloses

neither an abuse of discretion in the sentence imposed nor extraordinary circumstances which would warrant a modification.

Cardona, P.J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed.