(December 28, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHSAAN WILLIAMS, Appellant. [827 NYS2d 722]—

Rose, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered March 18, 2004, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant was charged with promoting prison contraband in the first degree after he allegedly was seen striking at another inmate with a shank during an altercation and a shank was then found on the floor. Defendant pleaded guilty to attempted promoting prison contraband in the first degree. Before sentencing, however, defendant moved to withdraw his plea on the ground that his counsel had misinformed him that no exculpatory evidence existed in a taped statement given by the victim.* In his motion papers, defendant averred that the victim's statement on the tape that he had not been assaulted by defendant is exculpatory because it supports defendant's contentions that he never possessed a weapon and counsel's erroneous advice induced him to plead guilty. Defendant also requested the appointment of substitute counsel to argue his motion, alleging that his claim of ineffective assistance gave rise to a conflict of interest for his assigned counsel. County Court denied defendant's motion without new counsel or a hearing, and sentenced him as a second felony offender in accordance with the plea agreement. Defendant appeals.

" '[T]he question of whether a defendant should be permitted to withdraw his plea rests in the discretion of the trial court and hearings are granted only in rare instances' " (*People v D'Adamo*, 281 AD2d 751, 752 [2001], quoting *People v Davis*, 250 AD2d 939, 940 [1998]; see CPL 220.60 [3]). Here, County Court based its decision to deny the motion on the lengthy procedural history of the case, counsel's "active and detailed role" prior to the plea in a "difficult case," and defendant's acknowledgment during the plea allocution that he had not been coerced. However, the issues of whether exculpatory evidence existed and whether defense counsel misinformed defendant as to the content of the victim's taped statement were never explored. In light of this, we are persuaded that defendant's concrete, sworn allegations regarding exculpatory evi-

---

* Although defendant's application was made pursuant to CPL 440.10 and premature (*see* CPL 440.10 [1]), County Court considered it on the merits prior to sentencing, and we will review it as having been made pursuant to CPL 220.60 (3).

dence and counsel's advice, which are outside the record, as well as the record's confirmation that a taped statement of the victim existed and was reviewed by defense counsel, are sufficient to raise questions of fact requiring an evidentiary hearing and, if established, could lead to a finding of ineffective assistance of counsel (*see People v Ferreras*, 70 NY2d 630, 631 [1987]; *People v Nau*, 21 AD3d 568, 569 [2005]; *People v Shields*, 205 AD2d 833, 834 [1994]; *cf. People v Escalante*, 16 AD3d 984, 985 [2005], *lv denied* 5 NY3d 788 [2005]).

We also find merit in defendant's contention that a conflict of interest arose when he claimed that he had pleaded guilty based on his counsel's misinformation (*see People v Rozzell*, 20 NY2d 712, 713 [1967]; *cf. People v Brown*, 126 AD2d 898, 900-901 [1987], *lv denied* 70 NY2d 703 [1987]). Although County Court stated on the record that it would call defense counsel to respond to defendant's allegations, it never did so. Nor did it ever expressly address the issue of a conflict. Nevertheless, a conflict between the interests of defendant and his counsel became readily apparent upon his motion, as it was clear that counsel should have been called as a witness and likely that the testimony would be prejudicial to defendant (*see People v Berroa*, 99 NY2d 134, 139-140 [2002]; *People v Bryant*, 22 AD3d 676, 677 [2005]; *cf. People v Brand*, 13 AD3d 820, 823 [2004], *lv denied* 4 NY3d 851 [2005]). On this record, defendant showed good cause for substitution and, if his allegations are substantiated, he would be entitled to withdraw his guilty plea (*see People v Sides*, 75 NY2d 822, 824-825 [1990]; *People v Smith*, 25 AD3d 573, 574 [2006], *lv denied* 6 NY3d 853 [2006]; *People v Martin*, 168 AD2d 794, 798 [1990]). Because we are treating defendant's motion to withdraw his plea as having been made pursuant to CPL 220.60 (*see* n, *supra*), the sentence must be vacated in order to permit reconsideration of the motion, and the matter will be remitted to County Court for appointment of new counsel and a hearing on the motion.

This determination makes it unnecessary for us to address defendant's additional argument that County Court erred in finding him to be a second felony offender. Even if defendant's motion is denied again, the court will have to conduct new sentencing proceedings and assess anew whether he is a second felony offender. Finally, there is no merit in defendant's further arguments that he was deprived of his due process rights by the preindictment delay and by the prosecution allegedly having sought a sealed indictment.

Peters, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much

thereof as denied defendant's motion to withdraw his guilty plea; vacate the sentence imposed, appoint new counsel and matter remitted to the County Court of Chemung County for a new hearing on said motion; and, as so modified, affirmed.