■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN S. FOSTER, Appellant. [892 NYS2d 612]—

Malone Jr., J.

In full satisfaction of an indictment charging him with criminal sexual act in the third degree and 19 counts of rape in the third degree, defendant pleaded guilty to two counts of rape in the third degree. At sentencing, the 16-year-old victim provided County Court with a copy of a letter that she had written to defense counsel in which she claimed, among other things, that her initial statement to the police was false and that an Assistant District Attorney had counseled her to falsely testify. Specifically, the victim wrote that she "only had sex 2 or 3 maybe 4" times with defendant but that the Assistant District Attorney told her that she "had to say at least 2 times a month." Defendant then moved to withdraw his plea and to dismiss the indictment. After an evidentiary hearing, County Court denied defendant's motions and thereafter sentenced him to an aggregate prison term of 2 to 6 years, pursuant to the original plea agreement. Defendant appeals.

Defendant's motion to withdraw his plea was based upon two distinct grounds, one being that the People knowingly presented the victim's perjured testimony to the grand jury, which was the argument cited in defense counsel's affirmation in support of the motion and was the theory pursued by counsel and thoroughly explored by County Court at the evidentiary hearing. In this regard, we find that the court did not abuse its discretion in denying defendant's motion on this basis (see CPL 220.60 [3]). However, defendant also alleged in his own affirmation that he was not made aware of the contents of the victim's letter prior to pleading guilty. By counsel's own admission, she received the letter from the victim at defendant's arraignment and used the contents therein to negotiate a plea agreement with the People. However, the issue of whether defense counsel had disclosed the existence of the letter to defendant prior to his plea was not explored at the evidentiary hearing, nor did the court specifically address this argument in rendering its decision on the motions.

Considering the record evidence that defense counsel was aware of this letter prior to the entry of defendant's guilty plea, and in light of defendant's allegation that his plea was not intelligently and voluntarily entered as a result of the purported lack of communication regarding the letter, we find that defendant raised a sufficient question of fact such that this matter

must be remitted to County Court for further development of the record at an evidentiary hearing on this issue (*see People v Williams*, 35 AD3d 1085, 1086-1087 [2006]).* Finally, defendant should be represented by new counsel at that hearing (*see People v Williams*, 35 AD3d at 1087).

Spain, J.P., Rose, McCarthy and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as denied defendant's motion to withdraw his guilty plea; vacate the sentence imposed, appoint new counsel and matter remitted to the County Court of Chemung County for a new hearing on said motion; and, as so modified, affirmed.

---

* We note that because defendant's motion to withdraw his plea pursuant to CPL 220.60 was directed at defense counsel, a conflict of interest was created and, since counsel continued to represent defendant at sentencing, "the sentence must be vacated in order to permit reconsideration of the motion" (*People v Williams*, 35 AD3d at 1087).