■ The People of the State of New York, Respondent, v Rodney Branton, Appellant. [826 NYS2d 489]—

Kane, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered September 1, 2005, convicting defendant upon his pleas of guilty of the crimes of criminal possession of a weapon in the third degree and assault in the second degree.

Defendant was involved in an incident during which several gunshots were fired at a residence. While the indictment related to that incident was pending, he was charged with several

crimes in an unrelated sexual assault upon his girlfriend. During his trial on the shooting incident, after the man that defendant alleged was the actual shooter indicated that if he testified he would implicate defendant as the shooter, defense counsel negotiated a plea agreement. Under that agreement, the People would amend the indictment to include one count of criminal possession of a weapon in the third degree and defendant would plead guilty to that count in exchange for a prison sentence of five years followed by a period of postrelease supervision. The agreement also resolved the sexual assault incident, with defendant agreeing to plead guilty to assault in the second degree after an indictment was returned on that matter, in exchange for a sentence concurrent with, and no longer than, the sentence on the weapon possession count. Defendant pleaded guilty to each indictment as required, but prior to sentencing he moved to withdraw his guilty pleas (see CPL 220.60). County Court denied his motion and sentenced him in accordance with his pleas, resulting in this appeal.

County Court did not abuse its discretion in refusing to permit defendant to withdraw his pleas without a hearing because the record did not contain evidence calling into question the voluntariness of the pleas or defendant's innocence (see People v Coss, 19 AD3d 943, 943-944 [2005], lv denied 5 NY3d 805 [2005]; People v Cherry, 12 AD3d 949, 949 [2004], lv denied 4 NY3d 797 [2005]). Defendant's pleas were not coerced or rendered involuntary based on counsel's urging that defendant accept the plea agreements or merely because defendant only had a short time to decide whether to plead guilty (see People v Anderson, 270 AD2d 509, 510 [2000], lv denied 95 NY2d 792 [2000]; People v Cook, 252 AD2d 595, 596 [1998]; People v Eaddy, 200 AD2d 896, 897 [1994], lv denied 83 NY2d 852 [1994]). During the plea colloquies, defendant admitted his guilt, acknowledged that he committed the acts constituting the elements of each crime and stated that he understood his rights, understood the terms of the plea agreements, was not threatened or induced into pleading guilty and had discussed the matter sufficiently with his attorney (see People v Coss, supra at 944; People v Lahon, 17 AD3d 778, 779 [2005], lv denied 5 NY3d 790 [2005]). The court also permitted him to speak to a family member before deciding to plead guilty during his trial (cf. People v Hunt, 29 AD3d 1081, 1082-1083 [2006], lv denied 7 NY3d 813 [2006]). Defendant's protestations of innocence, supported only by his own affidavit regarding the weapon possession charge and by his girlfriend's affidavit recanting the rape allegations but admitting that defendant assaulted her, were insufficient to require a hearing (see People v De Fabritis, 296 AD2d 664, 665 [2002], lv denied 99

NY2d 557 [2002]; *compare People v Paulk*, 142 AD2d 754, 754-755 [1988], *appeal dismissed* 72 NY2d 960 [1988]). His affidavit consisted of hearsay concerning equivocal statements by the person he alleged was the actual shooter and generally attacked the original charges, not the criminal possession of a weapon charge to which he pleaded guilty. Under the circumstances, the court did not err in denying defendant's motion without a hearing.

Mercure, J.P., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.