THIRD DEPARTMENT, AUGUST, 2007

(August 2, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL ELLIS, Appellant. [840 NYS2d 241]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered June 10, 2005 in Albany County, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant pleaded guilty to one count of assault in the second degree in full satisfaction of a three-count indictment that also charged him with robbery in the first degree and robbery in the second degree. Under the terms of the deal, he was to receive a sentence of seven years in prison and five years of postrelease supervision. This sentence was to be consecutive to a sentence of 4½ to 9 years that he would receive for a separate incident in which he had recently been found guilty following a jury trial of criminal sale of a controlled substance in the third degree. Defendant accepted the deal and pleaded guilty to assault in the second degree. Prior to sentencing, defendant moved to withdraw his plea of guilty to assault in the second degree arguing, among other things, that he was "not in the right state of mind" when he accepted the plea. After permitting oral argument on defendant's motion, Supreme Court denied the motion and then sentenced defendant in accordance with the terms of the plea. Defendant appeals.

We find no merit in defendant's contention that he should have been permitted to withdraw his guilty plea. "The decision whether to grant such a motion rests in the trial court's discretion" and generally such relief will be permitted only "if there is evidence of innocence, fraud or mistake in the inducement" (*People v Walker*, 27 AD3d 899, 901 [2006], *lv denied* 7 NY3d 764 [2006] [citation omitted]; *see People v Zakrzewski*, 7 AD3d 881, 881 [2004]; *People v Lane*, 1 AD3d 801, 802 [2003], *lv denied* 2 NY3d 742 [2004]). No such evidence has been submitted. Defendant was adequately informed by Supreme Court of his rights and the ramifications of his plea. He acknowledged that he understood his rights and that he had discussed the deal with his attorney. He was told he could ask the court any questions if he did not understand anything that was transpiring and he asked no such questions. The fact that he had been found guilty by a jury of the drug charge the previous day does not establish coercion in accepting this plea. His conclusory contentions regarding innocence and coercion were insufficient to necessitate a hearing (*see People v Nunez*, 35 AD3d 902, 903 [2006], *lv denied* 8 NY3d 883 [2007]).

Defendant's argument that the record fails to establish that his plea was voluntary is unavailing. The terms of the deal were fully explained. Defendant was asked a series of questions which

established that he was fully aware of his rights and further set forth his involvement in the specific crime to which he was pleading. The questions were clear and defendant responded unequivocally to each (*see People v Bowman*, 34 AD3d 935, 937 [2006], *lv denied* 8 NY3d 844 [2007]; *People v Deere*, 8 AD3d 763, 763-764 [2004], *lv denied* 3 NY3d 673 [2004]). Defendant's assertion that he had a short time in which to decide whether to accept the plea and that his counsel urged him to accept it do not establish that the plea was involuntary (*see People v Branton*, 35 AD3d 1035, 1036 [2006], *lv denied* 8 NY3d 982 [2007]). Upon review of the plea colloquy, we are satisfied that the plea was knowing, voluntary and intelligent.

Defendant received meaningful representation from his counsel, who made appropriate motions, advocated zealously for defendant and negotiated a favorable plea deal (*see People v Baldwin*, 36 AD3d 1024, 1024-1025 [2007]; *People v Ming*, 35 AD3d 962, 965 [2006], *lv denied* 8 NY3d 883 [2007]). Defendant's sentence was consistent with the terms of the plea agreement and we find neither an abuse of discretion by Supreme Court in imposing such sentence nor extraordinary circumstances meriting a reduction thereof in the interest of justice (*see People v Lawson*, 260 AD2d 863, 863 [1999]). The remaining issues have been considered and found unpersuasive.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.