■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARSHEEN J. ATKINSON, Appellant. [871 NYS2d 479]—

Lahtinen, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered October 16, 2006, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.

In satisfaction of a two-count indictment, defendant pleaded guilty to the crime of attempted criminal possession of a controlled substance in the third degree. Prior to sentencing, defendant moved to withdraw his plea claiming that he was coerced into pleading guilty by defense counsel. County Court denied the motion without a hearing and, pursuant to the plea agreement, thereafter sentenced defendant as a second felony offender to a prison term of three years to be followed by three years of postrelease supervision. Defendant now appeals.

We affirm. "The decision to permit withdrawal of a guilty plea is a matter within the trial court's sound discretion, and a hearing is required only where the record presents a genuine question of fact as to its voluntariness" (*People v De Fabritis*, 296 AD2d 664, 664 [2002], *lv denied* 99 NY2d 557 [2002] [citation omitted]; *see People v Singletary*, 51 AD3d 1334, 1334 [2008], *lv denied* 11 NY3d 741 [2008]). "Generally, a guilty plea may not be withdrawn absent some evidence or claim of innocence, fraud or mistake in its inducement" (*People v Davis*, 250 AD2d 939, 940 [1998] [citation omitted]; *accord People v Wagoner*, 30 AD3d 629, 630 [2006]), and "[o]nly in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will suffice" (*People v Tinsley*, 35 NY2d 926, 927 [1974]). Here, defense counsel's recommendation that defendant accept the plea agreement rather than face a harsher sentence if convicted at trial was not coercion and did not render his plea involuntary (*see People v Branton*, 35 AD3d 1035, 1036 [2006], *lv denied* 8 NY3d 982 [2007]; *People v Dashnaw*, 260 AD2d 658, 659 [1999], *lv denied*

93 NY2d 968 [1999]). Furthermore, County Court engaged in a detailed plea colloquy during which defendant admitted his guilt, verified that he was not coerced or pressured into entering the plea, confirmed that he had discussed the plea fully with defense counsel, understood his rights and was satisfied with counsel's representation. In sum, our review of the record finds nothing to indicate that County Court's denial of defendant's motion to withdraw his plea without a hearing was an abuse of discretion (*see People v Branton*, 35 AD3d at 1036-1037; *People v Lerario*, 1 AD3d 635, 636 [2003], *lv denied* 2 NY3d 742 [2004]).

Finally, as defendant failed to object before County Court that he was improperly sentenced as a second felony offender, this claim was not preserved for our review (*see People v Robertson*, 53 AD3d 791, 793 [2008]). In any event, defendant pleaded guilty understanding that he was to be sentenced as a second felony offender, was given notice of the prior felony conviction and had ample opportunity to controvert the allegation. He also admitted to previous felony convictions and to being on parole at the time of the current offense, and he offered no claim that the prior felony conviction alleged in the second felony offender statement was unconstitutionally obtained. Based upon these circumstances, we find substantial compliance with CPL 400.21 (3) and the court's failure to inquire whether defendant wished to controvert the prior conviction included in the second felony offender statement to be harmless error (*see People v Chrysler*, 260 AD2d 945, 945-946 [1999]; *People v Mann*, 258 AD2d 738, 739 [1999], *lv denied* 93 NY2d 900 [1999]).

Cardona, P.J., Mercure, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.