■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD FIRST, Appellant. [880 NYS2d 195]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered May 2, 2008 in Albany County, convicting defendant upon his plea of guilty of the crime of rape in the first degree.

Defendant pleaded guilty to one count of rape in the first degree in satisfaction of a multicount indictment alleging various counts of rape, criminal sexual act and predatory sexual as-

sault. As a condition of the plea, he waived his right to appeal, both on the record and in writing. Thereafter, prior to sentencing, defendant made a pro se motion to withdraw his guilty plea, arguing that he was innocent and only pleaded guilty as a result of undue pressure from his attorney. Supreme Court denied that motion and sentenced him, as a second felony offender, to the agreed-upon sentence of 17 years in prison with 10 years of postrelease supervision.

Initially, we note that "defendant's challenge to the voluntariness of his plea both survives his waiver of appeal and has been preserved for our review by his timely motion to withdraw his plea" (*People v Morrishaw*, 56 AD3d 895, 896 [2008]). Upon review of this record, however, we find defendant's contention unavailing. The plea allocution reveals that Supreme Court advised defendant of the consequences of pleading guilty, including his waiver of the right to appeal. Defendant indicated that he understood, was freely and voluntarily entering into the plea and was, in fact, guilty of the charged crime. Defendant further stated that he was not suffering from any illness, was not incapacitated by drugs or alcohol and was satisfied with the services of his attorney. Thus, his plea was knowing and voluntary.

Next, although defendant maintains that Supreme Court abused its discretion in denying his motion to withdraw his plea, we are unpersuaded that he produced proof of "innocence, fraud or mistake in the inducement" of the plea (*People v Ellis*, 43 AD3d 485, 486 [2007], *lv denied* 9 NY3d 961 [2007] [internal quotation marks and citations omitted]). Contrary to defendant's assertion, the hearsay excerpts from the victim's medical reports do not establish his claim of innocence with respect to the subject crime. Furthermore, his conclusory claim that he was confused or under duress at the time of his plea is belied by the record (*see People v Phillips*, 41 AD3d 969, 970 [2007]), which includes defendant's acknowledgment during the plea that he had sufficient time for reflection, fully understood the proceedings and was satisfied with his attorney's services (*see generally People v Singletary*, 51 AD3d 1334, 1335 [2008], *lv denied* 11 NY3d 741 [2008]). Under these circumstances, we find no basis to conclude that the court erred in denying his motion to withdraw his guilty plea (*see People v Ellis*, 43 AD3d at 486).

Finally, defendant seeks to challenge the propriety of a photo array by which he was identified by the victim and another witness, however, he is barred from doing so by his waiver of the right to appeal (*see People v McMillan*, 55 AD3d 1064, 1066 [2008], *lv denied* 11 NY3d 899 [2008]). Although defendant

contends that his waiver is not valid, we do not agree. The record demonstrates that Supreme Court's admonitions to defendant, together with the written waiver executed at that time, thoroughly apprised defendant that, among other things, his right to appeal is distinct from those rights forfeited upon a plea of guilty. Furthermore, defendant acknowledged that, after consultation with counsel, he was freely relinquishing his right to appeal in consideration of the plea bargain. Accordingly, we conclude that defendant's waiver of the right to appeal was knowing and voluntary (*see People v Lewis*, 48 AD3d 880, 881 [2008]), thereby precluding consideration of all issues encompassed therein.

Mercure, Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.