■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLORIA SHOVAH, Appellant. [889 NYS2d 717]—

Garry, J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered September 26, 2008, convicting defendant upon her plea of guilty of the crime of course of sexual conduct against a child in the second degree.

Defendant pleaded guilty to the crime of course of sexual conduct against a child in the second degree in full satisfaction of a three-count indictment. At sentencing, defendant moved to withdraw her plea. County Court denied the motion without a hearing and sentenced defendant, pursuant to the plea agreement, to five years in prison, to be followed by 10 years of postrelease supervision. Defendant now appeals.

We affirm. "The decision to permit withdrawal of a guilty plea is a matter within the trial court's sound discretion, and a hearing is required only where the record presents a genuine question of fact as to its voluntariness" (*People v De Fabritis*, 296 AD2d 664, 664 [2002], *lv denied* 99 NY2d 557 [2002] [citation omitted]; *accord People v Atkinson*, 58 AD3d 943, 943

[2009]). Here, a review of the record reflects that County Court engaged in a detailed plea colloquy where defendant admitted her guilt and informed the court that she was aware she did not have to plead guilty, she understood her rights and the terms of the plea agreement, she was not coerced or threatened into pleading guilty, she had been provided adequate time to discuss the matter with counsel and she was satisfied with counsel's representation. Moreover, although defendant hesitated during the plea allocution, County Court made sufficient further inquiries, and defendant reaffirmed that she understood the charges and wanted to plead guilty (*see People v Bolden*, 289 AD2d 607, 609 [2001], *lv denied* 98 NY2d 649 [2002]). Accordingly, we are satisfied by our review of the record that defendant's plea was voluntary, knowing and intelligent (*see People v Kennedy*, 46 AD3d 1099, 1100 [2007], *lv denied* 10 NY3d 841 [2008]; *People v Coss*, 19 AD3d 943, 943 [2005], *lv denied* 5 NY3d 805 [2005]).

Furthermore, "[w]here a defendant has been fully informed of the rights he [or she] is waiving by pleading guilty and proceeds to admit to acts constituting the crime, a subsequent protestation of innocence which is not substantiated by any evidence is generally insufficient to support a request for vacatur of the plea" (*People v Paulk*, 142 AD2d 754, 754 [1988], *appeal dismissed* 72 NY2d 960 [1988]; *accord People v Leonard*, 25 AD3d 925, 926 [2006], *lv denied* 6 NY3d 850 [2006]; *see People v Branton*, 35 AD3d 1035, 1036 [2006], *lv denied* 8 NY3d 982 [2007]). Defendant's protestation of innocence at sentencing was insufficient to warrant a hearing, as it was unsupported by any evidence and was contradicted by her plea and written confession (*see People v Adams*, 31 AD3d 1063, 1066 [2006], *lv denied* 7 NY3d 845 [2006]). In sum, there is nothing in the record to indicate that County Court's denial of defendant's motion to withdraw her plea without a hearing was an abuse of discretion (*see People v Branton*, 35 AD3d at 1036-1037).

Rose, J.P., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.