■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH M. FARROW, Appellant. [892 NYS2d 630]—

Malone Jr., J.

Defendant pleaded guilty to the charge of attempted robbery in the second degree and was thereafter sentenced, as a second felony offender, to three years in prison with five years of post-release supervision. Defendant's sole contention on this appeal is that he was improperly sentenced as a second felony offender and, thus, the maximum postrelease supervision that he could have received was three years.

We agree. The record demonstrates that there was no discussion of defendant's second felony offender status during his plea hearing. Notably, at sentencing, the People stated their agreement with defendant that the maximum term of postrelease supervision available was three years. After defendant was given the opportunity to make a brief statement, County Court inquired of defendant whether he had been previously convicted of criminal contempt, a class E felony, and defendant answered in the affirmative. Without further discussion, the court announced it was sentencing defendant as a second felony offender and promptly adjourned. Because we find that County Court abused its discretion in so doing, we now modify.

While the People contend that there was substantial compliance with CPL 400.21, which sets out the procedure for determining whether a defendant is to be sentenced as a second felony offender, we find that defendant did not receive the adequate notice and opportunity to be heard with respect to his prior conviction that the statute contemplates (*see People v Ruffin*, 42 AD3d 582 [2007], *lv denied* 9 NY3d 881 [2007]; *People v Chrysler*, 260 AD2d 945, 945 [1999]). Defendant did not enter his guilty plea with the understanding that he would be sentenced as a second felony offender (*see People v Harris*, 61 NY2d 9, 20 [1983]; *People v Atkinson*, 58 AD3d 943, 944 [2009]; *People v Chrysler*, 260 AD2d at 945), nor is it evident that he received a copy of the CPL 400.21 statement prior to sentencing (*see People v Chrysler*, 260 AD2d at 945-946; *People v Ford*, 157 AD2d 992, 992-993 [1990], *lv denied* 75 NY2d 919 [1990]). In fact, based upon the People's assertion with regard to postrelease supervision at the sentencing hearing, it appears that the CPL 400.21 statement was not completed and filed until after the sentencing was complete. Thus, defendant was not given an opportunity to controvert the allegations contained in the statement (*see* CPL 400.21 [3]; *People v Atkinson*, 58 AD3d at 944; *People v Chrysler*, 260 AD2d at 945-946). As such, we find that County Court improperly sentenced defendant as a predicate felon.

Peters, J.P., Rose, Stein and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Tioga County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.