■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMIAH J. MONETTE, Appellant. [895 NYS2d 574]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Rogers, J.), rendered June 10, 2008 in Franklin County, upon a verdict convicting defendant of the crimes of robbery in the second degree and criminal use of a firearm in the second degree.

In September 2007, defendant was charged in an indictment with one count each of robbery in the second degree and criminal use of a firearm in the second degree. The charges arose out of an incident earlier that month when a masked man, brandishing what appeared to be a handgun, entered a convenience store in the Town of Chateaugay, Franklin County. The robber pointed the gun at the two employees, directed one of them to open the cash register and give him the money, and fled after the employee complied. Both employees knew defendant, however, and identified him as the robber due to, among other things, his distinctive voice and gait. Shortly thereafter, defendant was taken into custody. Following a jury trial, defendant was convicted as charged and Supreme Court imposed a prison sentence of 13 years and five years of postrelease supervision on each count, those sentences to run concurrently. Defendant now appeals.

Initially, as the People concede, defendant's conviction of criminal use of a firearm in the second degree must be reversed given his conviction of robbery in the second degree (*see People v Brown*, 67 NY2d 555, 560-561 [1986], *cert denied* 479 US 1093 [1987]; *People v Dunbar*, 275 AD2d 968, 968 [2000], *lv denied* 96 NY2d 734 [2001]).*

Defendant's remaining contention, that he received ineffective assistance of counsel, is unpersuasive. In that regard, defendant primarily points to counsel's prior representation of a prosecution witness, an inmate to whom defendant allegedly made damaging statements. In order to succeed on this claim, defendant must demonstrate a potential conflict of interest that actually affected his defense or otherwise operated on counsel's representation (*see People v Konstantinides*, 14 NY3d 1, 10 [2009]; *People v Ortiz*, 76 NY2d 652, 656-657 [1990]). Assuming, without deciding, that defendant made out a potential conflict of interest, the prior criminal history of the witness was explored in his testimony and defense counsel conducted a vigorous cross-examination, eliciting from the witness details on how he could have learned of the robbery absent admissions by de-

---

* Defendant alleges that trial counsel failed to raise this issue before Supreme Court, but that claim is belied by the record.

fendant and his contacts with investigators. Defendant, accordingly, has not shown that the alleged conflict operated upon his defense in any way (*see People v Harris*, 99 NY2d 202, 211 [2002]; *People v Botting*, 8 AD3d 1064, 1065-1066 [2004], *lv denied* 3 NY3d 671 [2004]; *People v Magee*, 257 AD2d 688, 688-689 [1999]). Although defendant points to a myriad of other purported deficiencies in counsel's performance, the record as a whole establishes that defendant was provided with meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Smith*, 66 AD3d 1223, 1225 [2009]).

. Spain, Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of criminal use of a firearm in the second degree under count two of the indictment; dismiss said count and vacate the sentence imposed thereon; and, as so modified, affirmed.