■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GLYNN, Appellant. [899 NYS2d 442]—

Rose, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered April 23, 2009, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

In March 2009, defendant pleaded guilty to a superior court information charging him with burglary in the third degree in full satisfaction of a pending indictment, as well as certain uncharged criminal matters in Albany County, waived his right to appeal and thereafter was sentenced as a second felony offender to a prison term of 3 to 6 years. Defendant now appeals, contending that his waiver of the right to appeal was involuntary and that his sentence as a second felony offender was illegal because County Court failed to comply with the requirements of CPL 400.21.

We affirm. Contrary to the People's assertion, defendant's CPL 400.21 claim implicates the legality of his sentence and, therefore, survives even a valid waiver of the right to appeal

(*see People v Ellis*, 53 AD3d 776, 777 [2008]).* However, defendant's failure to object at sentencing renders this issue unpreserved for our review (*see People v Atkinson*, 58 AD3d 943, 944 [2009]; *People v McDowell*, 56 AD3d 955 [2008]). In any event, the sentencing minutes indicate that defendant, who knew that he was being sentenced as a second felony offender, was provided with a copy of the predicate felony statement, afforded an opportunity to review that statement and confer with counsel, admitted that he was the individual previously convicted of the predicate felony and failed to contest the validity of the prior conviction. Under such circumstances, we find that there was substantial compliance with the statutory requirements of CPL 400.21 (*see People v Ellis*, 53 AD3d at 777) and deem any omissions by County Court to be harmless (*see People v Atkinson*, 58 AD3d at 944; *People v Saddlemire*, 50 AD3d 1317 [2008]).

Mercure, J.P., Peters, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.

---

* Our review of the plea colloquy, wherein County Court explained the import of the appeal waiver to defendant and confirmed that defendant understood the separate and distinct right that he was forfeiting, satisfies us that defendant's waiver was knowing, intelligent and voluntary (*see People v Jeske*, 55 AD3d 1057, 1057-1058 [2008], *lv denied* 11 NY3d 898 [2008]; *People v Vallance*, 49 AD3d 917, 918 [2008], *lv denied* 10 NY3d 845 [2008]). Further, although it does not appear in the record on appeal and apparently cannot now be located, the plea minutes reflect that defendant, after conferring with counsel, also executed a written waiver of the right to appeal (*see People v Romano*, 45 AD3d 910, 914 [2007], *lv denied* 10 NY3d 770 [2008]).