■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RUSSELL, Appellant. [913 NYS2d 427]—

Rose, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered December 2, 2009, convicting defendant upon his plea of guilty of the crime of rape in the third degree.

In satisfaction of a seven-count indictment, defendant pleaded guilty to one count of rape in the third degree, waived his right to appeal and was sentenced to an agreed-upon term of four years in prison followed by 10 years of postrelease supervision. At sentencing, defendant made a pro se motion to withdraw his plea contending, among other things, that he failed to comprehend the underlying plea agreement. County Court denied that motion without a hearing and this appeal ensued.

We affirm. "The decision to permit withdrawal of a guilty plea is a matter within the trial court's sound discretion, and a hearing is required only where the record presents a genuine

question of fact as to its voluntariness" (*People v Shovah*, 67 AD3d 1257, 1257 [2009], *lv denied* 14 NY3d 773 [2010] [internal quotation marks and citations omitted]; *see People v Atkinson*, 58 AD3d 943 [2009]; *People v Singletary*, 51 AD3d 1334 [2008], *lv denied* 11 NY3d 741 [2008]). Further, a guilty plea generally may not be withdrawn "absent some evidence or claim of innocence, fraud or mistake in its inducement" (*People v Davis*, 250 AD2d 939, 940 [1998]; *see People v Sepulveda*, 65 AD3d 754, 755 [2009], *lv denied* 13 NY3d 941 [2010]; *People v Rosseter*, 62 AD3d 1093, 1095 [2009]).

Defendant's present claim—that his low IQ, mental health issues and certain medications precluded him from understanding the ramifications of his plea bargain—is belied by a review of the plea colloquy, wherein defendant, in response to County Court's extensive questioning, indicated that he understood the nature of the plea, had discussed the viability of potential defenses and had sufficient time to confer with counsel and was satisfied with his representation. Additionally, defendant denied having any physical, mental or emotional issue that interfered with his decision-making ability and affirmatively indicated that he was thinking clearly, understood what he was doing and was accepting the plea because he was in fact guilty. Finally, defendant's conclusory assertions regarding his health issues, which were "unsupported by any medical proof, . . . did not raise a sufficient question of fact regarding the voluntariness of his plea so as to require an evidentiary hearing" (*People v Williams*, 35 AD3d 971, 972 [2006], *lv denied* 8 NY3d 928 [2007]; *compare People v D'Adamo*, 281 AD2d 751, 753 [2001]). Under these circumstances, we cannot say that County Court abused its discretion in denying defendant's motion to withdraw his plea (*see People v First*, 62 AD3d 1043, 1044 [2009], *lv denied* 12 NY3d 915 [2009]; *People v Atkinson*, 58 AD3d at 944; *People v Quinones*, 51 AD3d 1226, 1228 [2008], *lv denied* 10 NY3d 938 [2008]; *People v Dalton*, 47 AD3d 1010, 1011 [2008]).

Mercure, J.P., Peters, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is affirmed.