■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY M. HERRINGSHAW, Appellant. [920 NYS2d 470]—

Stein, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered May 10, 2010, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

In satisfaction of a five-count indictment, defendant pleaded guilty to a single count of driving while intoxicated. Pursuant to the plea agreement, defendant would be permitted to enter drug court. In furtherance thereof, defendant was to be placed on interim probation for six months until the time of his sentencing; he would then receive a sentence of five years of probation, which would terminate one year after his graduation from drug court, provided that he successfully complete drug court and pay a $2,000 fine and applicable fees and surcharges. Defendant also agreed to waive his right to appeal. County Court permitted defendant to be released from custody for one week in order to remove his belongings from his home, which was in foreclosure, subject to his compliance with certain conditions. Defendant was informed that his failure to abide by these conditions would result in the court disregarding the agreed-upon sentence and would allow the court to sentence defendant to a term of imprisonment. Defendant thereafter fled the state and failed to surrender to the Montgomery County Sheriff's Office as the court had directed. Over one year later, he was apprehended and brought back to New York. Prior to sentencing, defendant requested permission to withdraw his plea on the basis that he did not receive adequate assistance of counsel. In addition, his counsel sought to be relieved of his assignment to represent defendant. County Court denied both applications without a hearing and thereafter sentenced defendant to a term of imprisonment of 1 to 3 years. Defendant now appeals and we affirm.

Whether to allow a guilty plea to be withdrawn is a matter within the court's discretion, and only in rare instances will a hearing be granted (see People v Atkinson, 58 AD3d 943, 943 [2009]; People v Lerario, 1 AD3d 635, 636 [2003], lv denied 2 NY3d 742 [2004]; People v De Fabritis, 296 AD2d 664, 664 [2002], lv denied 99 NY2d 557 [2002]). Here, defendant's request to withdraw his plea was based on his assertions of in-

nocence and insufficiency of the evidence submitted to the grand jury to justify the felony charge for which he was indicted and later convicted, as well as on various alleged shortcomings on the part of his counsel. Preliminarily, we note that a defendant may not challenge the sufficiency of the evidence before the grand jury after a guilty plea (*see People v Hansen*, 95 NY2d 227, 233 [2000]; *People v Melendez*, 48 AD3d 960, 960 [2008], *lv denied* 10 NY3d 962 [2008]; *see generally People v Lopez*, 6 NY3d 248, 255 [2006]). Moreover, where, as here, the record does not present a genuine question of fact as to the voluntariness of the plea, a hearing is not required (*see People v Shovah*, 67 AD3d 1257, 1257 [2009], *lv denied* 14 NY3d 773 [2010]; *People v De Fabritis*, 296 AD2d at 664). Thus, defendant's protestations of innocence without evidentiary support, after confessing to the crime during his plea allocution, are insufficient to warrant a hearing (*see People v Shovah*, 67 AD3d at 1258).

Although defendant's claim that ineffective assistance of counsel rendered his guilty plea involuntary is not foreclosed by his valid waiver of the right to appeal (*see People v Garland*, 69 AD3d 1122, 1123 [2010], *lv denied* 14 NY3d 887 [2010]), nothing in the record at the time of the plea calls into question the voluntariness of his plea or indicates that it was rendered so due to counsel's representation (*see People v Shovah*, 67 AD3d. at 1258). To the contrary, defendant expressly stated during the plea allocution that he had not been pressured, coerced or forced to plead guilty and that he was satisfied with the services of his counsel. Moreover, the record reflects that defense counsel made appropriate pretrial motions, requests for pretrial hearings, for review of the grand jury minutes and for discovery, successfully negotiated a favorable plea agreement and even secured defendant's temporary release so that he could clear his belongings from his home. Under these circumstances, we conclude that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Bridge*, 69 AD3d 969, 970 [2010]; *People v Fiske*, 68 AD3d 1149, 1150 [2009], *lv denied* 14 NY3d 800 [2010]), and County Court's denial of defendant's presentence request to withdraw his plea was a proper exercise of its discretion.

Nor do we discern any abuse of County Court's discretion in denying the request that new counsel be assigned based on the assertion of a conflict of interest. Even assuming the existence of such a conflict, defendant has not demonstrated that he suffered any prejudice (*see People v McDonald*, 1 NY3d 109, 113, 114 [2003]; *People v Hayes*, 71 AD3d 1187, 1188 [2010], *lv denied*

15 NY3d 852 [2010]) or that "the alleged conflict operated upon his defense in any way" (*People v Monette*, 70 AD3d 1186, 1188 [2010], *lv denied* 15 NY3d 776 [2010]).

Mercure, J.P., Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed.