■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD E. LITTLE, Appellant. [937 NYS2d 482]—

Rose, J.

The decision whether to grant a motion to withdraw a guilty plea rests within the sound discretion of the trial court and, generally, such relief will be permitted only where there is evidence of innocence, fraud or mistake in the inducement (*see People v Ellis*, 43 AD3d 485, 486 [2007], *lv denied* 9 NY3d 961 [2007]; *People v Cherry*, 12 AD3d 949, 949 [2004], *lv denied* 4

NY3d 797 [2005]). A review of the record reveals that defendant was adequately informed of the rights he was giving up by pleading guilty and that he understood those rights, he asked for and received clarification on certain matters and he was able to confer with his family and counsel for as long as he needed during the plea proceedings (*see People v Branton*, 35 AD3d 1035, 1036 [2006], *lv denied* 8 NY3d 982 [2007]; *People v Bolden,* 289 AD2d 607, 609 [2001], *lv denied* 98 NY2d 649 [2002]). Defendant stated that he was pleading guilty freely and voluntarily, and his contention that his plea was involuntary due to the brief time that he took to decide whether to accept the plea is unavailing (*see People v Ellis*, 43 AD3d at 487; *People v Branton*, 35 AD3d at 1036). Additionally, given defendant's unequivocal admission of facts sufficient to establish each element of the crimes, we are not persuaded that the affidavits of defendant and his wife submitted in support of his motion constitute evidence of his innocence such that a hearing was required (*see People v Branton*, 35 AD3d at 1036). Finally, we find that nothing in the record casts doubt on the apparent effectiveness of counsel (*see People v Ellis*, 43 AD3d at 487; *People v Lahon*, 17 AD3d 778, 779-780 [2005], *lv denied* 5 NY3d 790 [2005]).

Peters, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.