*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 20, 2014                    106269
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

JAMES McKINNEY,
                    Appellant.
_____


Calendar Date:  October 17, 2014

Before:  Stein, J.P., McCarthy, Garry, Lynch and Devine, JJ.

_____


        G. Scott Walling, Schenectady, for appellant.

        J. Anthony Jordan, District Attorney, Fort Edward (Brandon P. Rathbun of counsel), for respondent.

_____


McCarthy, J.

        Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered August 29, 2013, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

        In connection with the burglary of a residence, defendant was indicted on charges of burglary in the third degree, conspiracy in the fourth degree, grand larceny in the fourth degree and criminal mischief in the fourth degree.  At arraignment, the People moved to amend the first two counts of the indictment (see CPL 200.70).  County Court granted the motion, amending the first count to charge burglary in the second degree and amending the second count so the narrative portion listed burglary in the second degree as the crime that defendant

allegedly conspired to commit.  Pursuant to a plea agreement, defendant pleaded guilty to attempted burglary in the second degree in satisfaction of the indictment.  At sentencing, defendant moved to withdraw his plea.  The court denied that motion and imposed the agreed-upon sentence of 3½ years in prison, to be followed by five years of postrelease supervision. Defendant appeals.

By pleading guilty, defendant forfeited his argument that County Court erred in amending the indictment, which did not create a jurisdictional defect (see People v Torres, 117 AD3d 1497, 1498 [2014], lvs denied 24 NY3d 963, 965 [2014]; People v Stokely, 49 AD3d 966, 968 [2008]; People v Anson, 272 AD2d 639, 640 [2000]; People v Priester, 255 AD2d 833, 834 [1998]; see also People v Hansen, 95 NY2d 227, 231-232 [2000]; People v Beattie, 80 NY2d 840, 842 [1992]).

County Court did not err in denying defendant's motion to withdraw his plea.  Trial courts generally have broad discretion when considering motions to withdraw a plea, and such motions generally will not be granted absent evidence of fraud, innocence or mistake in the inducement (see People v Mitchell, 73 AD3d 1346, 1347 [2010], lv denied 15 NY3d 922 [2010]).  Hearings are rarely granted on such motions, as they are generally only necessary where the record raises a legitimate question about the voluntariness of the plea (see People v Brown, 14 NY3d 113, 116 [2010]).  Nothing in the record here indicates involuntariness. While defendant now argues that the court should have assigned him new counsel to submit a written motion, defendant did not make allegations against his counsel, such as coercion or ineffective assistance, as a ground to withdraw the plea (compare People v Williams, 35 AD3d 1085, 1086-1087 [2006]).  Defense counsel informed the court of defendant's desire to move to withdraw his plea and the grounds therefor, with no indication that counsel was unable to properly represent him.  Defendant did not speak up at that time, nor did he make a statement to the court when given the opportunity.  Inasmuch as the stated ground — that defendant had reviewed additional documents and now believed that the People would be unable to prove their case against him — was not a legitimate basis for withdrawal of a plea, County Court did not err in denying the motion without a

hearing (see People v King, 114 AD2d 650, 652 [1985], lv denied 67 NY2d 653 [1986]; compare People v Williams, 35 AD3d at 1086-1087).

Stein, J.P., Garry, Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court