*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 16, 2015                    105906
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

EDGAR G. SAUNDERS SR.,
                        Appellant.
_____

Calendar Date: February 11, 2015

Before: Peters, P.J., Garry, Rose and Lynch, JJ.

_____

        Eugene P. Grimmick, Troy, for appellant.

        Joel E. Abelove, District Attorney, Troy (Vincent J. O'Neill of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the County Court of Rensselaer County (Ceresia, J.), rendered March 28, 2013, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

        In satisfaction of a five-count indictment, defendant pleaded guilty to a reduced charge of attempted burglary in the second degree and waived his right to appeal. Thereafter, pursuant to CPL 220.60 (3), defendant moved to withdraw his plea. County Court denied the motion without a hearing and sentenced defendant, in accordance with the plea agreement, to 4½ years in prison to be followed by five years of postrelease supervision.

Defendant appeals.[1]

County Court properly denied defendant's motion without a hearing. A trial court "has broad discretion in its fact-finding inquiry on [a] motion [to withdraw a plea] and often a limited interrogation by the court will suffice"; it is "[o]nly in the rare instance [that] a defendant [is] entitled to an evidentiary hearing" (People v Mitchell, 21 NY3d 964, 966-967 [2013] [internal quotation marks and citation omitted]; see People v Brown, 14 NY3d 113, 116 [2010]). Moreover, "such motions generally will not be granted absent evidence of fraud, innocence or mistake in the inducement" (People v McKinney, 122 AD3d 1083, 1084 [2014]; see People v Wilson, 101 AD3d 1248, 1249 [2012]).

Defendant argues that his plea to attempted burglary in the second degree was fraudulently induced because it was based upon the People's representation that the building was a dwelling, while subsequent evidence – unsworn letters from defendant's paramour and another witness indicating that the building appeared to be vacant and unlivable – raised questions regarding whether the building was, in fact, suitable for occupancy (see generally People v DeFreitas, 116 AD3d 1078, 1083 [2014], lv denied 24 NY3d 960 [2014]). We cannot agree.

The letters submitted in connection with the motion were contradicted by defendant's admission during the plea allocution that he was aware that a person had been living in the building's third floor apartment, which contained that individual's food and clothing (see People v Little, 92 AD3d 1036, 1037 [2012]). Further, in view of defendant's unequivocal statement on the record that he did not have permission to go into the building, his additional unexplained comment that he had a key to the building does not imply that he was licensed to enter and take

_____

   [1] Although the notice of appeal correctly sets forth the Penal Law statutes pursuant to which defendant was convicted, it erroneously indicates that the judgment convicted him of the crime of attempted sexual abuse in the second degree. We exercise our discretion to overlook the inaccuracy and treat the notice of appeal as valid (see CPL 460.10).

what he wanted.  Moreover, defendant's claim that, based on the new evidence, he now believes that the People could not have proven their case against him does not provide a legitimate basis for withdrawal of a plea (see People v McKinney, 122 AD3d at 1084; People v Wilson, 101 AD3d at 1249).  Finally, to the extent that defendant raises the issue, nothing in the record casts doubt on the effectiveness of counsel (see People v Little, 92 AD3d at 1037).

Peters, P.J., Garry and Lynch, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court