*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 28, 2016                    106581
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

MICHAEL R. MILES,
                        Appellant.
_____

Calendar Date:   March 21, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        Hinman, Howard & Kattell LLP, East Greenbush (Linda B.
Johnson of counsel), for appellant.

        Stephen K. Cornwell Jr., District Attorney, Binghamton, for
respondent.

_____

Egan Jr., J.

        Appeal from a judgment of the County Court of Broome County
(Smith, J.), rendered April 17, 2013, convicting defendant upon
his plea of guilty of the crime of attempted burglary in the
second degree.

        In satisfaction of a six-count indictment, defendant
pleaded guilty to attempted burglary in the second degree.  Prior
to sentencing, defendant obtained new counsel and moved to
withdraw his plea, primarily asserting that he was confused as to
the sentence to be imposed under the plea agreement.  County
Court denied the motion and, in accordance with the plea
agreement, sentenced defendant, as a second felony offender, to a
prison term of four years, to be followed by five years of

postrelease supervision.  Defendant now appeals.

       We affirm.  Defendant contends that his plea was not
knowing, voluntary and intelligent because he was confused as to
the sentence to be imposed.  During the plea allocution, County
Court expressly reviewed the terms of the plea agreement,
including the agreed-upon sentence, confirmed that defendant
agreed to such terms and explained the rights that defendant was
forgoing by pleading guilty.  In response to the court's
inquiries, defendant denied that he had been forced or threatened
to accept the plea, agreed that he was freely and voluntarily
pleading guilty after conferring with counsel and thereafter
admitted his guilt.  While defendant asked whether he could
participate in a program to obtain a reduced sentence or early
release, County Court dispelled any confusion by restating the
agreed-upon sentence, explaining the law relating to early
release and affirmatively stating that defendant would not
receive a reduced sentence at a later date.  Accordingly, we
conclude that defendant's plea was knowing, voluntary and
intelligent (see People v Miner, 120 AD3d 1449, 1449-1450 [2014];
People v White, 85 AD3d 1493, 1494 [2011]).

       We also are unpersuaded by defendant's assertion that
County Court failed to sufficiently investigate the allegations
raised in his motion to withdraw his guilty plea.  The nature and
extent of the fact-finding measures required to determine a
motion to withdraw a plea lie within the discretion of the trial
court (see People v Tinsley, 35 NY2d 926, 927 [1974]; People v
Saunders, 127 AD3d 1420, 1421 [2015], lv denied 26 NY3d 935
[2015]).  An evidentiary hearing is rarely necessary and "'is
required only where the record presents a genuine question of
fact as to . . . voluntariness'" (People v Atkinson, 58 AD3d 943,
943 [2009], quoting People v De Fabritis, 296 AD2d 664, 664
[2002], lv denied 99 NY2d 557 [2002]; see People v Mitchell, 21
NY3d 964, 966 [2013]).  Here, County Court acknowledged
defendant's assertion that he was confused about the sentence to
be imposed, permitted defendant an opportunity to explain the
reason for his confusion and read relevant portions of
defendant's plea allocution into the record.  Inasmuch as
defendant's assertions were patently contradicted by the minutes
of his plea allocution, County Court did not abuse its discretion

in denying the motion without conducting a more extensive inquiry (see People v O'Neill, 116 AD3d 1240, 1241 [2014]; People v Pittman, 104 AD3d 1027, 1027-1028 [2013], lvs denied 21 NY3d 1008 [2013]; People v Singletary, 51 AD3d 1334, 1334 [2008], lv denied 11 NY3d 741 [2008]).

Finally, defendant claims that he received ineffective assistance of counsel in connection with his motion to withdraw his plea. While defense counsel indicated to County Court that he did not feel comfortable making a motion to withdraw defendant's plea, counsel's statements were made weeks before he ultimately submitted a motion on defendant's behalf and, at the time County Court heard the motion, counsel did not interfere with or affirmatively undermine the allegations raised. Moreover, the arguments advanced by defendant in the motion were not the same arguments that counsel had previously commented upon and, given the passage of time and the factual inquiry undertaken by the court, it does not appear that counsel's statements "influence[d] County Court's determination in any meaningful way" (People v Curry, 123 AD3d 1381, 1383 [2014], lv denied 25 NY3d 950 [2015]; see People v Wester, 82 AD3d 1677, 1678 [2011], lvs denied 17 NY3d 793, 803 [2011]). Under these circumstances, we do not find that counsel took a position that was adverse to defendant (see People v Sylvan, 108 AD3d 869, 871 [2013], lv denied 22 NY3d 1091 [2014]; People v Pimentel, 108 AD3d 861, 863 [2013], lv denied 21 NY3d 1076 [2013]; compare People v McCray, 106 AD3d 1374, 1375 [2013]).

Garry, J.P., Lynch, Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court