*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    February 9, 2017                106431B
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
            v                                   MEMORANDUM AND ORDER

MICHAEL L. STEVENS,
                        Appellant.
_____


Calendar Date:   January 11, 2017

Before:   McCarthy, J.P., Garry, Lynch, Rose and Aarons, JJ.

_____

        G. Scott Walling, Schenectady, for appellant.

        Stephen K. Cornwell Jr., District Attorney, Binghamton
(Stephen Ferri of counsel), for respondent.

_____

McCarthy, J.P.

        Appeal from a judgment of the County Court of Broome County
(Cawley, J.), rendered July 23, 2013, convicting defendant upon
his plea of guilty of the crime of course of sexual conduct
against a child in the first degree.

        Defendant pleaded guilty to course of sexual conduct
against a child in the first degree and the plea agreement
included the waiver of the right to appeal.  County Court
thereafter sentenced him to five years in prison, to be followed
by 10 years of postrelease supervision.  Defendant now appeals.[1]

_____

        [1]  Although defendant's notice of appeal contains an error
in the crime of conviction, we will overlook the error and treat

We affirm. Initially, the People concede, and we agree, that defendant did not knowingly, intelligently and voluntarily waive the right to appeal his conviction and sentence (see People v Lopez, 6 NY3d 248, 256 [2006]). As to defendant's contention that the sentence is harsh and excessive due to the period of postrelease supervision imposed, we are unpersuaded. The term of postrelease supervision imposed was less than the maximum permitted by statute (see Penal Law §§ 70.02 [1] [a]; 70.80 [1] [b]; 70.45 [2-a] [f]). Further, having reviewed the record, and taking into consideration the seriousness of his crime, we discern neither an abuse of discretion nor any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Taft, 115 AD3d 1095, 1095 [2014]; People v McCombs, 83 AD3d 1296, 1296 [2011]).

Garry, Lynch, Rose and Aarons, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:


Robert D. Mayberger
Clerk of the Court


_____

the notice of appeal as valid (see CPL 460.10; People v Saunders, 127 AD3d 1420, 1420 n [2015], lv denied 26 NY3d 935 [2015]).