People v Webb (2018 NY Slip Op 00359)





People v Webb


2018 NY Slip Op 00359


Decided on January 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2018

107923

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RIKMIL WEBB, Appellant.

Calendar Date: December 14, 2017

Before: Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.


Cliff Gordon, Monticello, for appellant.
James R. Farrell, District Attorney, Monticello (Richard K. Caister Jr. of counsel), for respondent.


Garry, P.J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered August 17, 2015, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Defendant was charged by superior court information with one count of criminal possession of a controlled substance in the third degree, and he thereafter pleaded guilty to that charge and waived his right to appeal. Defendant was subsequently sentenced, as a second felony offender, to a prison term of eight years to be followed by three years of postrelease supervision. He now appeals.
Contrary to defendant's contention, we find his appeal waiver to be valid. County Court did not lump the right to appeal with the panoply of rights usually forfeited by a guilty plea, and defendant agreed that he understood the "separate and distinct nature" of the right to appeal. Moreover, defendant confirmed on the record that he understood the written appeal waiver that he had executed in open court, which explained that "the waiver of [defendant's] appellate rights is separate and distinct from those rights . . . automatically forfeited upon [his] plea of guilty." The written waiver adequately detailed the scope of the appellate rights that defendant was waiving and recited that defendant had discussed the waiver of those rights with counsel. Accordingly, we find defendant's combined oral and written waiver to be knowing, voluntary and intelligent (see People v Belile, 137 AD3d 1460, 1461 [2016]; People v McKenzie, 136 AD3d [*2]1120, 1121 [2016], lv denied 27 NY3d 1002 [2016]; People v Devault, 124 AD3d 1140, 1140 [2015], lv denied 25 NY3d 989 [2015]). Defendant's contention that the agreed-upon sentence is harsh and excessive is barred by his valid appeal waiver (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Toledo, 144 AD3d 1332, 1333 [2016], lv denied 29 NY3d 1001 [2017]).
Defendant's claim that he was illegally sentenced as a second felony offender survives his valid appeal waiver (see People v Glynn, 72 AD3d 1351, 1351 [2010], lv denied 15 NY3d 773 [2010]). However, defendant failed to object to being sentenced as a second felony offender despite having the opportunity to do so, and the issue is therefore unpreserved (see People v Caldwell, 80 AD3d 998, 999 [2011], lv denied 16 NY3d 857 [2011]; People v Glynn, 72 AD3d at 1352). In any event, were this issue properly before us, we would find, upon reviewing the record, that there was substantial compliance with CPL 400.21 (see People v Hummel, 127 AD3d 1506, 1507 [2015], lv denied 25 NY3d 1202 [2015]; compare People v Farrow, 69 AD3d 980, 981 [2010]).
Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.