People v Quinones (2018 NY Slip Op 04783)





People v Quinones


2018 NY Slip Op 04783


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
EDUARDO QUINONES, Appellant.

Calendar Date: May 8, 2018

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Michael R. Lieberman, Albany, for appellant.
James R. Farrell, District Attorney, Monticello (Kristin L. Hackett of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Sullivan County (McGuire, J.), rendered April 2, 2015, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.
When this case was previously before this Court, we rejected counsel's Anders brief, withheld decision and assigned new counsel to address at least one issue of arguable merit pertaining to the procedures employed to determine defendant's predicate felony status (153 AD3d 1489 [2017]). Defendant now asserts that the sentence imposed was invalid because the People failed to comply with the procedural requirements set forth in CPL 400.21. Defendant's challenge survives his waiver of the right to appeal inasmuch as it implicates the legality of the sentence imposed (see People v Glynn, 72 AD3d 1351, 1351 [2010], lv denied 15 NY3d 773 [2010]). Nevertheless, the issue, which relates to the procedures employed and not whether he qualifies as a predicate offender, has not been preserved for our review due to his failure to object at sentencing (see People v Samms, 95 NY2d 52, 58 [2000]; People v Pellegrino, 60 NY2d 636, 637 [1983]; People v Williams, 155 AD3d 1253, 1255 [2017], lv denied ___ NY3d ___ [May 14, 2018]; People v Berry, 152 AD3d 1080, 1080 [2017]). Were we to consider the issue, we would find defendant's contention to be without merit. The record establishes that defendant was aware that he was considered to be a second felony offender and was provided with a special information charging him with a prior felony conviction. During the plea [*2]colloquy, defendant admitted to the prior conviction contained in the special information and, at sentencing, declined to contest his prior felony offense. Under such circumstances, we would find that there was substantial compliance with the statutory requirements of CPL 400.21 (see People v Bouyea, 64 NY2d 1140, 1142 [1985]; People v Williams, 155 AD3d at 1255; People v Glynn, 72 AD3d at 1352; People v Stokely, 49 AD3d 966, 968 [2008]).
McCarthy, J.P., Lynch, Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.