People v Burks (2019 NY Slip Op 03850)





People v Burks


2019 NY Slip Op 03850


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

109841

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
GERARD BURKS, Appellant.

Calendar Date: March 21, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Rumsey, JJ.


Theodore J. Stein, Woodstock, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered October 19, 2017 in Albany County, convicting defendant upon his plea of guilty of the crime of murder in the second degree.
Defendant was indicted on the charge of murder in the second degree (intentional murder) based upon allegations that, in November 2016, he approached a woman outside of her apartment in the City of Albany, struck her, causing her to fall to the ground, and then repeatedly stomped on her head, thereby inflicting injuries that ultimately resulted in her death. The beating was witnessed by a nearby resident and captured on street surveillance video. Defendant was apprehended near the crime scene with blood on his sneakers and clothing, which was later determined to be consistent with a DNA profile from the victim. Defendant ultimately pleaded guilty to the indictment and waived his right to appeal with the understanding that he would be sentenced to a prison term of between 18 and 19 years to life.
When defendant appeared for sentencing, he stated that he had no recollection of the fatal attack due to his consumption of alcohol and certain pain medication and, further, that he believed that the Albany County Public Defender's office had a conflict of interest in representing him because it was headed by a retired judge who had presided over an unrelated 2014 conviction from which he had a pending appeal. In an abundance of caution, Supreme Court relieved the Public Defender's office and assigned the Conflict Defender's office to represent defendant. Defendant thereafter moved to withdraw his guilty plea. Supreme Court denied that motion and later sentenced defendant, in accordance with the plea agreement, to 18½ years to life in prison. Defendant appeals, and we affirm.
"The decision whether to grant a motion to withdraw a guilty plea rests within the sound discretion of the trial court and, generally, such relief will be permitted only where there is evidence of innocence, fraud or mistake in the inducement" (People v Little, 92 AD3d 1036, 1036 [2012] [citations omitted]; accord People v Nealon, 166 AD3d 1225, 1226 [2018]; see [*2]People v Nieves, 166 AD3d 1380, 1380 [2018]). In support of his motion, defendant asserted that his guilty plea was not knowing and voluntary due to the alleged ineffective assistance of counsel provided by the Public Defender's office. Defendant primarily took issue with the fact that the Public Defender's office continued to represent him in the face of a purported conflict of interest, as well as his counsel's alleged failure to investigate and properly advise him on a potential intoxication defense. We agree with Supreme Court that defendant's claims are without merit.
Pursuant to Judiciary Law § 17, a retired judge is prohibited from "act[ing] as attorney or counsellor in any action, claim, matter, motion or proceeding, which has been before him [or her] in his [or her] official character" (see also Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.12 [a]). The Rules of Professional Conduct impose additional restraints upon the ability of a retired judge's legal associates to undertake or continue representation "in a matter upon the merits of which the [retired judge] has acted in a judicial capacity" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.12 [a]; see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.0 [h]; 1.12 [d]). The crime at issue here occurred after the Public Defender retired from judicial office and, thus, it is clear that the instant criminal matter was not before him in his official capacity (compare People v Sumter, 169 AD3d 1275, 1276 [2019]). Nor is there any allegation of factual ties between the present matter and any prior matters over which the Public Defender presided (compare NY St Bar Assn Comm on Prof Ethics Op 1064 [2015]).
Defendant nevertheless suggests that his appeal from the 2014 judgment of conviction — upon which he was not represented by the Public Defender's office (see People v Burks, 163 AD3d 1268 [2018]) — created a conflict of interest because he raised issues regarding the conduct of the Public Defender's office and the then-County Judge. Assuming, without deciding, that this scenario created a potential conflict of interest, it remained incumbent upon defendant to "show that the conduct of his defense was in fact affected by the operation of the conflict of interest, or that the conflict operated on the representation" (People v Abar, 99 NY2d 406, 409 [2003] [internal quotation marks and citation omitted]); see People v Sanchez, 21 NY3d 216, 223 [2013]). Defendant did not make that showing here.
Affirmations submitted by the Public Defender and the Chief Assistant Public Defender established that defendant's case was primarily handled by the Chief Assistant Public Defender (hereinafter defense counsel), that the Public Defender only spoke to defendant at defendant's request and that the Public Defender did not become aware of defendant's appeal from the 2014 judgment of conviction until after defendant pleaded guilty. Additionally, defense counsel detailed the numerous conversations that he had with defendant and his family regarding potential resolutions of this matter, his review of the extensive evidence of defendant's guilt, his exploration of potential defenses, including an intoxication defense, and his conclusion that the best course was to pursue a favorable plea bargain. As reflected by the record, defense counsel ultimately negotiated an advantageous plea deal that limited defendant's sentencing exposure. Thus, if there was a potential conflict of interest, there is no basis in this record to conclude that it impacted upon the representation provided to defendant or his defense (see People v Wright, 129 AD3d 1217, 1219 [2015], affd 27 NY3d 516 [2016]; People v Graham, 283 AD2d 885, 890 [2001], lv denied 96 NY2d 940 [2001]).
Further, we discern no abuse of discretion in Supreme Court's denial of defendant's motion to withdraw his plea based upon defense counsel's alleged failure to adequately investigate and advise him on a potential intoxication defense. To warrant the submission of an intoxication charge to a jury, there must be "sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis . . . [or] evidence of the recent use of intoxicants of such nature or quantity to support the inference that their ingestion was sufficient to affect [the] defendant's ability to form the necessary criminal intent" (People v Rodriguez, 76 NY2d 918, 920 [1990] [internal quotation marks and citations omitted]; accord People v Lee, 129 AD3d 1295, 1299 [2015], lv denied 27 NY3d 1001 [2016]).
Defendant acknowledged during the plea colloquy that he fully discussed a potential intoxication defense with counsel, and defense counsel confirmed such discussions in a detailed affirmation. In support of his motion, defendant offered nothing more than his own self-serving statement that he was unable to recall the crime due to his consumption of alcohol and certain pain medication. It is well settled that evidence of intoxication must include "more than a bare assertion by a defendant that he [or she] was intoxicated" (People v Gaines, 83 NY2d 925, 927 [1994]; see People v Duffy, 119 AD3d 1231, 1234 [2014], lv denied 24 NY3d 1043 [2014]). Moreover, defense counsel averred that he conducted an investigation into the viability of an intoxication defense and provided a legitimate explanation for concluding and advising defendant that such defense did not have any serious prospect of success. Specifically, defense counsel cited to a videotape depicting defendant's behavior while in police custody in the hours after the offense, stating that it showed defendant "to be in control of his actions," as well as medical records stating that defendant did not require medical treatment following the incident and "was able to make rational decisions." Inasmuch as defendant failed to demonstrate that he received anything less than meaningful representation in the lead-up to his guilty plea, which the colloquy reflects was knowing, intelligent and voluntary,[FN1] there is no basis upon which to disturb Supreme Court's denial of defendant's motion to withdraw his plea (see People v Sullivan, 153 AD3d 1519, 1521-1522 [2017], lv denied 30 NY3d 1064 [2017]).
To the extent that we have not addressed any of defendant's remaining contentions, they have been examined and found to be without merit.
Garry, P.J., Mulvey, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Contrary to defendant's assertion, Supreme Court did not engage in coercion when, following defendant's decision to proceed to pretrial hearings after unsuccessful plea negotiations, it noted the "overwhelming" evidence against him and suggested that he discuss the issue further with counsel (see People v Colon, 106 AD3d 1367, 1368 [2013]; People v Morelli, 46 AD3d 1215, 1216 [2007], lv denied 10 NY3d 814 [2008]).